BOWERS DREDGING CO. et al. v. NEW YORK DREDGING CO. et al.

(Circuit Court, D. Washington, W. D.   March 24, 1897.)

1. PATENT INFRINGEMENT SUITS—PRELIMINARY INJUNCTION—JUDGMENT OF AP-
   PELLATE COURT.
   On application for preliminary injunction against infringement, a judg-
   ment of the appellate court in another action, declaring the patent valid,
   will be deemed conclusive on the court as to that question.

2. SAME—INVALIDITY OF PATENT—NEW EVIDENCE.
   New evidence of the invalidity of a patent which has been declared valid
   by the appellate court in a prior case, to prevent the granting of a pre-
   liminary injunction against its infringement, must be such that, had it
   been introduced in the prior case, it would probably have produced a differ-
   ent decision.

John H. Miller and Campbell & Powell, for complainants.
R. Percy Wright and E. C. Hughes, for defendants.

HANFORD, District Judge.   In the order denying the complain-
ants' application for a provisional injunction, there was reserved
to the complainants a right to renew the application upon a further
showing, which they have taken advantage of.   In support of the
new application, it has been shown that since the former hearing
(77 Fed. 980) the decision of the United States circuit court for the
Northern district of California in the case of Bowers v. Von
Schmidt, 63 Fed. 572, has been affirmed by the circuit court of ap-
peals (80 Fed. 121), and that a petition for a rehearing has been
denied, so that the validity of the several claims of the Bowers
patents involved in the present suit have been established by an
adjudication and final decree of the court of last resort.   The de-
fendants herein still dispute the validity of the claims referred to,
on grounds which they allege were not considered in the Von
Schmidt Case, and the showing in their behalf includes new and
additional evidence which they contend is sufficient to prove that
the Bowers patents are absolutely void, for the reason that the
commissioner of patents had no power to grant the same, and for
the further reason that the machinery and apparatus which Bowers
claims to have invented was described in patents granted in Eng-
land, long prior to the date of the alleged inventions of Bowers
and of Von Schmidt; and they contend that the evidence of antici-
pation was not introduced in the case referred to, for the reason
that in the controversy between Bowers and Von Schmidt they each
claimed the rights of an original discoverer and first inventor of
the machinery for dredging, covered by the Bowers patents, so that
both parties were interested in excluding from consideration of the
court evidence tending to prove anticipation.   I find from the evi-
dence and documents on file that the litigation between Bowers
and Von Schmidt was carried on in earnest, and, as all the proceed-
ings in the patent office, from the first application made by Bowers
until the final issue of the letters patent sued on in this case, were
before the court, I must consider that the decision comprehends all
questions as to compliance on the part of Bowers with requirements
of the patent laws, and the power of the commissioner to issue the

patents in question.   Against the defendants in this case that decision is not conclusive, but it strengthens the presumption in favor of the validity of the patents, and as it was rendered by the appellate court for this circuit, which has power to review and reverse the decisions of this court, it is binding and conclusive, until the same questions can be again argued and submitted for decision in that court.   In this I wish to be understood to mean that I will not undertake to set up my judgment in opposition to a decision of the circuit court of appeals for the Ninth circuit.   If the points were not well argued, nor well understood by the circuit court of appeals, still the only orderly course for persons aggrieved by the decision is to go to the court which rendered it, and show that the decision is wrong, and that it should be overruled.

New evidence in support of the defense of anticipation, to be available in opposition to the granting of a provisional injunction, must be of such force as to have probably produced a different result if it had been introduced in the preceding litigation.   I have given due consideration to the showing made by the affidavits and documentary evidence submitted on the part of the defendants, and the voluminous and able arguments by counsel in their behalf, and have been duly impressed; and yet, upon reflection, I regard it as probable that, if the evidence of anticipation had been considered by the court in the Von Schmidt Case as it was by the commissioner of patents, the result would not have been different. Upon the final hearing of this case I will make an analysis of the patents in suit, and the necessary comparisons with the several devices described in the patents and publications which are supposed to be anticipations; but I am not called upon to do so at this time.

The defendants deny that the dredger Oakland, and the apparatus connected therewith, infringes any of the claims of the Bowers patents sued on.   They contend that the chief merit of the Bowers machine is in the rotary excavator with inward delivery, which, in operation, loosens and digs up solid material, and also does the work of forcing the material so dug up into the suction pipe, and is, therefore, a carrier as well as a digger; and they claim that the machinery which they are using has an excavator constructed upon principles known long prior to the Bowers invention.   Their excavator exerts no force of itself to bring within its own center the material operated upon, or cast it into a receptacle in which to be conveyed to a place of discharge.   Here I find the greatest difficulty in the way of a satisfactory decision.   The authorities support the rule contended for by the defendants,—that to warrant the granting of a provisional injunction in a patent case, infringement must be proved beyond a reasonable doubt.   Now, I am not willing to be convinced of any material fact in the case beyond a reasonable doubt, until the final hearing and a full consideration of the proofs which may be taken according to the methods best calculated to elicit the truth.   The practice of having the execution first, and trial afterwards, may simplify proceedings, but must result in hardship to defendants more frequently than otherwise.

I recognize the fact that the time allowed for duration of the Bowers patents is running, and, if he is to have the benefit which the patent laws were intended to confer upon inventors, his rights should be protected during the life of his patent. In a closely contested case several years must necessarily pass before a final adjudication in a court of last resort can be expected. The circuit court of appeals gave to the Bowers patents a broad construction, and held machinery constructed according to the specifications of the Von Schmidt patents to be infringements. In comparing the different machines, it is very difficult for me to find infringement in the Von Schmidt machine, and not in the dredger Oakland. Upon this hearing it has been shown that part of the public work which the defendants have under contract to be done by use of the Oakland, has been completed, and, upon giving a bond for damages, what remains may be completed, so that there is not the danger of serious loss and irreparable injury to the defendants and inconvenience to the public which at the time of the first hearing appeared to exist. It is plain that the complainants are threatened with and likely to suffer irreparable injury by competition in bidding for work during the short time remaining before their rights under the Bowers patents shall expire, if during that time their competitors shall be free to use such a machine as the dredger Oakland. These considerations have led me to the conclusion that justice and equity require the granting of the application for an injunction at this time, with provisions for protecting rights which may be found in the defendants by requiring the complainants to execute a bond with sufficient sureties, conditioned to pay all damages caused by the injunction, if it shall be finally adjudged to have been improvidently issued. The work under contract at Everett and Swinomish slough, however, will be excepted from the injunction if the defendants will give a bond in the sum of $5,000, conditioned to secure payment of any damages which the complainants, or either of them, may recover on account of said work.