WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEERING CO.

(Circuit Court, S. D. New York. September 25, 1901.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   Where a patent which was invoked as a defense in a suit for infringement of another patent was considered by the supreme court, and its validity clearly and unequivocally sustained, such decision affords sufficient ground for the granting of a preliminary injunction against its infringement.

2. SAME—INFRINGEMENT—AIR BRAKE VALVE.
   The Boyden patent, No. 481,134, for a valve for air brakes, claim 2, *held* infringed on a motion for a preliminary injunction.

In Equity. Motion for preliminary injunction on claims 2, 4, and 11 of United States patent 481,134 to G. A. Boyden, August 16, 1892, for valve for air brakes.

Frederic H. Betts and J. Snowden Bell, for the motion.

William A. Jenner, opposed.

LACOMBE, Circuit Judge. This patent does not stand here with such presumption of validity only as arises from its issue by the patent office. It was before the United States supreme court in Westinghouse v. Power-Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136,—a litigation most hotly contested, and which involved a most careful examination of the state of the art. It is true that in that case the patent now in suit was not the one sued upon, but was the shield availed of by defendant therein to protect itself. Nevertheless, the decision of the supreme court, expressed with no uncertain sound, must be accepted here as establishing the proposition that Boyden was an independent and meritorious inventor, who solved with great ingenuity and in the simplest manner the problem of quick action. Nothing in the affidavits or prior patents shown here calls for any qualification of this proposition. The second claim reads:

"(2) In valve mechanism for automatic air brakes, the combination of a communication with the brake cylinder from both the auxiliary reservoir and train pipe, a single valve controlling said communication, and means to retard or restrict the flow thereto of the auxiliary-reservoir air when applying the brakes in comparison with the flow thereto of train-pipe air, whereby train-pipe air at lower pressure than said auxiliary-reservoir air will pass said valve when making an emergency application of the brakes."

It seems quite plain that the three elements of this claim—the "communication," "the single valve," and the "means to retard or restrict"—are all present in defendant's valve. In view of the statement of variety of form of structure which is found near the close of the specification, and of the history of application in the patent office, it would seem that additional elements are not to be read into this claim, restricting it to the precise form shown in the drawings, but that the patentee should be entitled to a fair application of the doctrine of equivalents. As defendant's experts demonstrated when it was sought to enjoin this same valve under United States patent 360,070, it is modeled upon and belongs to the group of which the valve now in suit is the exemplar. Doubtless it contains improvements, but it operates by reason of its possession of the three elements above referred to. It does not present the differences in form and principle which will distinguish it from the Boyden valve, as that was distinguished from 360,070.

There are some questions as to claims 4 and 11 which may better be reserved for final hearing, but complainants may take preliminary injunction as to claim 2.