WESTON ELECTRICAL INSTRUMENT CO. v. EMPIRE ELECTRICAL
INSTRUMENT CO. et al.

(Circuit Court of Appeals, Second Circuit.   March 8, 1905.)

1. PATENTS—RENEWAL APPLICATION IN CASE OF FAILURE TO PAY FEES—TIME
FOR FILING.

Under Rev. St. § 4897 [U. S. Comp. St. 1901, p. 3386], the Commissioner
of Patents is without authority of law to issue a patent on an application
filed more than two years after the allowance of a patent for the same
invention on a prior application by the same party, which has been for-
feited for nonpayment of fees.

2. SAME—SUIT FOR INFRINGEMENT—DEFENSES.

In a suit for infringement of a patent the want of legal authority in
the Commissioner of Patents to issue the same may be pleaded as a
defense.

3. SAME—VALIDITY—ELECTRICAL CONDUCTOR.

The Weston reissue patent, No. 10,945 (original No. 381,305), for an
electrical conductor, is void because the original was granted on an appli-
cation filed more than two years after the allowance of a patent on a prior
application, which was not issued because of the nonpayment of fees.

Appeal from the Circuit Court of the United States for the South-
ern District of New York.

For opinion below, see 131 Fed. 90.

Richard Eyre and W. H. Kenyon, for appellant.

Philip Mauro, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM.   We concur in so much of the opinion of the
court below as holds that:

"If more than one application could be made, the final application must be
made within two years after the allowance of the original application, the
term 'the original application,' as used in this section, meaning the first ap-
plication."

There is no ambiguity in the language of the statute as to the
limitation of time within which the later application must be made.
The provisions for withholding the patent upon the nonpayment
of the final fee within six months, and for relief from the effect of
such provision, are imperative.   The construction contended for by
the appellant would permit an indefinite prolongation of a monopoly
by means of unlimited forfeitures and renewals, and would nullify
the policy of the law, which requires diligence in the prosecution of
applications for and issuance of patents.   The patent in suit, there-
fore, was granted by the Commissioner of Patents under a mistake
as to the law, but without authority of law, because upon an invalid
application.   This defense may be raised in an action for infringe-
ment.   "Where it is evident that the commissioner, under a mis-
conception of the law, has exceeded his authority in granting or
reissuing a patent, there is no sound principle to prevent a party
sued for its infringement from availing himself of the illegality,
independently of any statutory permission so to do."   Mahn v. Har-
wood, 112 U. S. 354, 358, 6 Sup. Ct. 451, 28 L. Ed. 665; Planing-
Machine Company v. Keith, 101 U. S. 479, 25 L. Ed. 939.

The decree is affirmed, with costs.