MINERALS SEPARATION, Limited, v. BUTTE & SUPERIOR COPPER CO.

(District Court, D. Montana. November 28, 1916.)

No. 8.

1. COURTS ⬦═91(2)—FEDERAL COURTS—PRECEDENTS.
    A decision of the Circuit Court of Appeals is binding on the District Courts within the circuit, notwithstanding the Supreme Court had issued certiorari to review the same; the issuance of certiorari not weakening its effect.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 326; Dec. Dig. ⬦═91(2).]

2. PATENTS ⬦═306—INJUNCTION PENDENTE LITE—RIGHT TO.
    After a decision in another case upholding the validity of complainant's patent, complainant sued defendant alleging infringement. The original suit was appealed to the Circuit Court of Appeals, and complainant's application for injunction pendente lite was denied on condition that defendant file a bond and agree not to expand its operations with the patent process and to file a monthly statement, etc. The Circuit Court of Appeals found that the patent was void for want of novelty and certiorari

⬦═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

237 F.—26

was granted by the Supreme Court. *Held*, that in such case, as the effect of the decision of the Circuit Court of Appeals was not weakened by the granting of certiorari, the order relating to defendant's use of the patent process should be reversed, and the bond given in lieu of an injunction pendente lite discharged.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 500, 501; Dec. Dig. ☞306.]

In Equity. Suit by the Minerals Separation, Limited, against the Butte & Superior Copper Company for infringement of a patent. On motion by plaintiff for an increase of a bond given in lieu of an injunction pendente lite, together with motion by defendant for discharge from further performance of the order requiring the bond. Motion of plaintiff denied, and that of defendant granted.

Henry D. Williams, of New York City, and O. W. McConnell, of Helena, Mont., for plaintiff.

Kremer, Sanders & Kremer, of Butte, Mont., and Sheridan, Wilkinson & Scott, of Chicago, Ill., for defendant.

BOURQUIN, District Judge. After decision in Minerals Separation, Ltd., v. Hyde (D. C.) 207 Fed. 956, plaintiff brought this suit, alleging infringement of the patent upheld by said decision. On hearing for injunction pendente lite, the evidence was the record of the Hyde suit, save sufficient other to charge this defendant. The Hyde suit was then on appeal and soon to be argued, and this court denied the injunction sought on condition that defendant file a bond in the sum of $75,000, to secure plaintiff in damages and profits, if successful finally herein, and that defendant also file and perform an agreement to not expand its operations with the patent process, and to file monthly statements of such operations, pending suit. The order also recited that the parties might solicit modification if future conditions warranted. Defendant accepted the condition.

The appeal in the Hyde suit resulted in the reversal of this court's decree. See 214 Fed. 100, 130 C. C. A. 576. The Supreme Court granted certiorari (235 U. S. 701, 35 Sup. Ct. 202, 59 L. Ed. 432), and therein the cause was recently argued.[1] In the meantime occurs the war, defendant's product (zinc) advances in price, defendant increases its output, and therefrom pays over $13,000,000 in dividends. Thereupon plaintiff moves herein for an increase of the bond aforesaid, or that defendant be enjoined from further dividends, from further "increase in its plant," and from sale or incumbrance of its property, pending suit. It suffices to say defendant files answer to the motion, and in addition moves that it be discharged from further performance of the order aforesaid.

[1, 2] Plaintiff's motion is denied, and the motion of defendant is granted. The Circuit Court of Appeals, having determined that plaintiff's patent is void for want of novelty, thereby established its said judgment as the law of the land, so far as this and all other courts of this circuit are concerned, in any and all cases wherein the evidence is substantially like that of, and so not fairly distinguishable from, the

[1] Reversed by Supreme Court, 242 U. S. 261, 37 Sup. Ct. 83, 61 L. Ed. ——.

Hyde Case, until by the Supreme Court that judgment is reversed. That the Supreme Court has said judgment under review in no wise weakens it as controlling authority in this circuit, nor relieves this court of the plain duty to accept and follow it until reversed. See Railway v. Bank, 60 Barb. (N. Y.) 234; Cement Co. v. Riser (Tex. Civ. App.) 137 S. W. 1188.

To do otherwise would violate the settled law of the relations that subsist between subordinate and appellate courts, would substitute disorder for order in litigation, and would bring doubt and confusion to the exercise of rights. No legal principle or case is cited to the contrary. It is true the judgment of the Circuit Court of Appeals by certiorari has been superseded, but only in so far as acts are required to execute said judgment. For in so far as its self-executing quality is concerned—that is, establishment of law for this circuit—that was accomplished, executed on its rendition and before certiorari, and remains law to this day undisturbed by the certiorari.

As this suit now appears, defendant's user of the process involved is rightful before the law and without condition, and plaintiff has no cause of action; and though the future may demonstrate the contrary, the court's authority to afford plaintiff security cannot be invoked and lawfully exercised in speculative anticipation, but only when that time arrives. The law as it is when orders are made dictates their nature, and not the law as it is hoped for, or later may be. It now appearing the aforesaid condition, imposed upon and accepted by defendant, was from mistake of law and without consideration, defendant is rightfully relieved from it. No other feature now requires comment.