## LEKTOPHONE CORPORATION v. MILLER BROS. CO.

District Court, D. Delaware. January 23, 1930.

No. 712.

Pennie, Davis, Marvin & Edmonds and John F. Neary, all of New York City, for plaintiff.

Samuel E. Darby, Jr., and G. Willard Rich, both of New York City, and William H. Foulk, of Wilmington, Del., for defendant.

MORRIS, District Judge. F. A. D. Andrea, Inc., of New York, manufactures radio loud speakers in two sizes. Instruments of each size were sold by Miller Bros. Company, of this state. Thereupon Lektophone Corporation, the owner of Hopkins patent, No. 1,271,529, instituted this infringement suit in equity against Miller Bros. Company, charging that the sale of the smaller instrument infringed claims 4 and 8, and the sale of the larger infringed all the claims, of that patent.

This patent has been considered by various courts, including the Circuit Court of

Appeals for this circuit in Lektophone Corp. v. Brandes Products Corp., 20 F.(2d) 155. There has been much diversity of judicial opinion with respect to it. But in the Brandes Case the patent was sustained and the scope of the claims ruled upon. The orderly administration of justice requires that matters decided by the Circuit Court of Appeals of any circuit have a binding effect upon all the District Courts in that circuit, notwithstanding contrary decisions in other circuits. Edison Electric Light Co. v. Bloomingdale (C. C.) 65 F. 212. Such matters include the validity and construction of letters patent, where the evidence pertinent to such issues are the same. National Folding-Box & Paper Co. v. American Paper Pail & Box Co. (C. C.) 48 F. 913; Bowers Dredging Co. v. New York Dredging Co. (C. C.) 80 F. 119; and, by analogy, Westinghouse Air Brake Co. v. Christensen Engineering Co. (C. C.) 113 F. 594; Birmingham Cement Manufacturing Co. v. Gates Iron Works, 78 F. 350 (C. C. A. 5); American Bell Tel. Co. v. Southern Tel. Co. (C. C.) 34 F. 795.

Consequently, without regard to the effect that should be given under the rules of comity by the courts of one circuit to a decision upon the same patent by the courts of another circuit (Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856; Rousso v. First Nat. Bank (D. C.) 19 F.(2d) 247), it is both clear and settled that, when a patent has been sustained and construed by the Circuit Court of Appeals of a circuit, a District Court of the same circuit subsequently dealing with the same patent, even in a suit between different parties, must first inquire whether the second record contains anything not before the appellate court. If it finds therein nothing new, the earlier decision of the appellate court must be accepted as controlling. If something new is discovered, the District Court must next inquire whether the new matter is of such character that it may be fairly supposed that the appellate court would have reached a different conclusion, had the new facts been before that court. It cannot be so supposed, unless the new matter is clear, substantial, and reasonably conclusive. Moreover, the controlling effect of the decision of the appellate court is not limited to the facts and defenses discussed in its opinion, but extends to all that were before it in the record. Badische Anilin & Soda Fabrik v. A. Klipstein & Co. (C. C.) 125 F. 543; Conley v. Thomas (D. C.) 204 F. 93; Flat Slabs Patents Co. v. Wright Barrett & Stilwell Co. (D. C.) 283 F. 345; Rose v. Fretz (C. C.) 98 F. 112; Electric Mfg. Co. v. Edison Electric Light Co., 61 F. 834 (C. C. A. 7); Carson Inv. Co. v. Anaconda Copper Mining Co., 26 F.(2d) 651, 657 (C. C. A. 9).

The evidence in the case at bar differs in no substantial particular from that in the Brandes Case. Hence the decree of this court, in the pending case, must be dictated by the decision of the Circuit Court of Appeals in the Brandes Case, unless the defense, here made for the first time, under R. S. § 4897 (35 USCA § 38), is sound.

That section provides in part: "Any person who has an interest in an invention or discovery, whether as inventor, discoverer, or assignee, for which a patent was ordered to issue upon the payment of the final fee, but who fails to make payment thereof within six months from the time at which it was passed and allowed, and notice thereof was sent to the applicant or his agent, shall have a right to make an application for a patent for such invention or discovery the same as in the case of an original application. But such second application must be made within two years after the allowance of the original application."

The original application, filed July 14, 1913, was allowed April 11, 1916, but the final fee was not paid within 6 months from such allowance. On March 22, 1918, 20 days less than the 2-year statutory period, the second or renewed application was filed. Six days later an amendment was filed, canceling claims 25, 26, and 27, with the statement that those claims had "been canceled, as those claims will be incorporated, together with others, in a divisional application directed to the tympanum or diaphragm per se." The divisional application resulting in the patent in suit was filed April 17, 1918, or 6 days more than 2 years after the allowance of the original application. The specification of the patent in suit states that the invention thereof "is to be considered as a division of the invention shown and described in my prior application, renewed March 22, 1918."

In support of its contention that the divisional application was invalidated by R. S. § 4897 (35 USCA § 38), defendant relies upon Chapman v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491, Weston Electrical Instrument Co. v. Empire Electrical Instrument Co., 136 F. 599 (C. C. A. 2), and Dwight & Lloyd Sintering Co. v. Greenawalt, 27 F.(2d) 823, 831 (C. C. A. 2). These cases do not, however, in my opinion, sustain defendant's view. They contain nothing— particularly when read in connection with

Webster Electric Co. v. Splitdorf Electrical Co., 264 U. S. 463, 44 S. Ct. 342, 58 L. Ed. 792; American Laundry Machinery Co. v. Prosperity Co., 295 F. 819 (C. C. A. 2); Diamond Power Specialty Corp. v. Bayer Co., 13 F.(2d) 337 (C. C. A. 8); Wagenhorst v. Hydraulic Steel Co., 27 F.(2d) 27 (C. C. A. 6)—that denies to the divisional application, which was filed promptly after the filing of the unchallenged renewed application and contained no new matter, the valid status of the renewed application.

The plaintiff is entitled to the relief it seeks.