### GOLD SEAL IMPORTERS, Inc., v. WEST-ERMAN–ROSENBERG, Inc.

### No. 154.

Circuit Court of Appeals, Second Circuit.

Jan. 25, 1943.

Dean, Fairbank & Hirsch, of New York City (Morris Hirsch, of New York City, of counsel), for appellant.

Max Ehrlich, of New York City (Samuel J. Ernstoff, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

The plaintiff has appealed from a judgment dismissing its complaint with respect to a charge of infringement of Design Patent No. 125,540. By amended answer the defendant set up that the patent had been held invalid by this court in the case of Gold Seal Importers v. Morris White Fashions, 2 Cir., 124 F.2d 141, and moved for judgment on the pleadings. The motion was granted on the ground that the validity of the patent had been decided adversely to the plaintiff in that case. But obviously that decision cannot be pleaded as res judicata in a suit against a different infringer not in privity with Morris White Fashions. Nor is it a precedent which the district court was bound to follow, unless the evidence pertinent to the issue of validity is the same in both cases. Smith v.

Hall, 301 U.S. 216, 218, 57 S.Ct. 711, 81 L.Ed. 1049; Lektophone Corp. v. Miller Bros., D.C.Del., 37 F.2d 580, 581; Minerals Separation v. Butte & Superior Copper Co., D.C.Mont., 237 F. 401, 402. In the Morris White case a large number of prior art bags were put in evidence by the defendant, the best reference being a bag identified as Exhibit Z. A comparison of the patent in suit with Exhibit Z convinced us, as it had the district judge, that development of the patent design "required nothing more than ordinary skill rather than creative art." Neither Exhibit Z, nor any other prior art, is in the record of the case at bar. Hence our prior decision as to invalidity was not a precedent to control decision in this suit. Whether it will ever become such a precedent will turn upon whether the defendant can make proof of the same prior art. Proof of the authenticity of Exhibit Z was waived in the Morris White case but the plaintiff's consent to have the Exhibit Z bag considered as prior art in that suit does not bind him to make a similar waiver in the present suit. He is entitled, if he wishes, to have the prior art established by proof. Accordingly the judgment is reversed and the cause remanded.