30 C.C.P.A.(Patents)

### In re FEBREY.

### Patent Appeal No. 4723.

Court of Customs and Patent Appeals.
June 1, 1943.*

* This cause was originally decided by this court on May 3, 1943. Thereafter, the Commissioner of Patents filed a petition for rehearing. The rehearing was granted May 28, 1943, solely for the purpose of permitting the court to revise certain language in its original decision.

John E. Jackson, of Pittsburgh, Pa. (Charles B. Spencer, of Pittsburgh, Pa., and Edward W. Shepard, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the

United States Patent Office affirming the rejection by the Primary Examiner of claims 1 to 5 inclusive of appellant's application for a patent. The application relates to a "Stranded Plug-Type Signal Bond."

The claims were rejected upon the ground that the invention claimed had been in public use for more than one year prior to the filing of his instant application.

The sole question before us is one of law, viz., whether appellant is entitled to the date of an earlier application filed by him for the same invention.

In view of this fact, it is not necessary to quote any of the claims or discuss in detail the invention, it being conceded that if appellant is not entitled to the date of his earlier application as the effective date of his invention, the decision appealed from should be affirmed.

It appears that on September 28, 1938, appellant filed an application for a patent upon the invention here involved. The application was allowed on July 20, 1940, with two claims, and was forfeited on January 20, 1941. However, previous to that time, on January 9, 1941, appellant filed the instant application stating therein that it was a continuation of his prior application, and presenting the two claims thereof which had been allowed together with additional claims, which appellant contends through inadvertence were not included in his original application.

The examiner declined to give appellant the benefit of the date of his prior application upon the ground that his instant application having been filed after the right of amendment of his prior application had been exhausted, it was in effect a renewal of said prior application, and that Section 4897 of the Revised Statutes, U.S.C. title 35, § 38, 35 U.S.C.A. § 38, which permitted the filing of renewal applications having been repealed, appellant's application could not be regarded as a continuation of his prior application.

The board agreed with this holding of the examiner.

Section 4897, supra, which was repealed on August 9, 1939, reads as follows: "Any person who has an interest in an invention or discovery, whether as inventor, discoverer, or assignee, for which a patent was ordered to issue upon the payment of the final fee, but who fails to make payment thereof within six months from the time at which it was passed and allowed, and notice thereof was sent to the applicant or his agent, shall have a right to make an application for a patent for such invention or discovery the same as in the case of an original application. But such second application must be made within one year after the allowance of the original application. But no person shall be held responsible in damages for the manufacture or use of any article or thing for which a patent was ordered to issue under such renewed application prior to the issue of the patent."

Rules 78 and 165 of the Rules of Practice in the United States Patent Office, 35 U.S. C.A.Appendix, read as follows:

"78. Amendments after the notice of allowance of an application will not be permitted as a matter of right, but may be made, if the specification has not been printed, on the recommendation of the primary examiner, approved by the Commissioner, without withdrawing the case from issue. (See rule 165.)"

"165. After notice of the allowance of an application is given, the case will not be withdrawn from issue except by approval of the Commissioner, and if withdrawn for further action on the part of the office a new notice of allowance will be given. When the final fee has been paid upon an application for letters patent, and the case has received its date and number, it will not be withdrawn from issue on account of any mistake or change of purpose of the applicant, his attorney or his agent, nor for the purpose of enabling the inventor to procure a foreign patent, nor for any other reasons except mistake on the part of the office, or because of fraud, or illegality in the application, or for interference. (See rule 78.)"

It is appellant's contention that the repeal of Section 4897, supra, is irrelevant to the issue here involved, and that the historic policy of the Patent Office prior to 1941 had been to regard a second application for an invention, disclosed and claimed in a prior application, as a continuation of the latter, provided the second application was filed while the prior application was pending in the Patent Office. That such had been the practice of the Patent Office prior to the repeal of Section 4897, supra, is not challenged. It is argued with great force that Section 4897, supra, related only to forfeited applications, or in other words,

to applications which by reason of the statute relating to payment of fees, Section 4885 of the Revised Statutes, U.S.C. title 35, § 41, 35 U.S.C.A. § 41, had become forfeited and are no longer considered as pending; that because of that fact, in the absence of statutory authority, an application filed after such forfeiture had occurred could not be given the benefit of the date of such forfeited application, for in such case there would be no continuity of applications and therefore the repeal of said Section 4897, supra, which conferred such authority, could in no way affect appellant's instant application which was filed at a time when his prior application was still pending in the Patent Office.

Appellant relies upon the case of Godfrey v. Eames, 68 U.S. 317, 17 L.Ed. 684, decided in 1863, wherein Godfrey filed an application for a patent for an invention, the claims for which were rejected by the commissioner. At the time such application was filed, there was no bar of public use of the invention. Later Godfrey filed a new application for the same invention, but if limited to the date of his new application the bar of public use would exist. A patent was issued upon his second application.

The question there decided was that his second application should be held to be a continuation of his first application, and that he was entitled to the benefit of the date of his first application, and hence the patent was not invalid because of prior public use of the invention.

The case last cited arose under the patent laws of 1836 and 1839, which did not contain limitations respecting prosecution of applications which are found in the present patent statutes, and a distinction between that case and the one at bar is that in the instant case appellant's application had been allowed and under Rule 78, supra, he no longer had the right to amend his application, while in the cited case the right of amendment of the first application had not been terminated.

It should be noted that neither Section 4897, supra, nor any similar statute was in existence at the time of the decision of the last cited case. This section was enacted in substantially the form hereinbefore quoted.

That appellant's instant application was filed while his prior allowed application was pending in the Patent Office is not challenged. Neither can it be denied that from the date of his first application appellant has been continuously claiming the invention disclosed in his prior and instant applications. Had Section 4897, supra, not been repealed, it would not be applicable to the facts in this case, because when appellant's instant application was filed there had been no forfeiture of his first application.

No case has been cited, other than the commissioner's decisions made in 1941, hereinafter referred to, and the decision in the instant case, where it has been held that if an applicant files a second application for an invention disclosed and claimed in a prior application, he is not entitled to the benefit of the date of his first application, if at the time of filing his second application his first application was pending in the Patent Office.

The examiner in the case at bar based his decision upon the theory that the repeal of Section 4897, supra, prevented the consideration of appellant's instant application as a continuing application. In his Statement on Appeal he said:

"While the renewal statute was in effect it was well settled that a continuation could be filed any time prior to exhaustion to the right to renewal. Therefore, if a continuation application were filed after the parent application had been sent to issue, but before forfeiture, it was given the filing date right of the parent application. Whether it derived its right because of the right to renew or because the parent application was yet pending was never decided as this was a moot question.

"With repeal of the renewal statute the question was no longer moot and it was decided in In re application filed July 19, 1940, 526 O.G. 857 that such an application could not be considered a continuation of the parent and therefore was not entitled to the filing date rights of the parent. This decision is obviously in harmony with the general principle that a continuation application derives its filing date rights from the parent because of the right to amend the parent, for, when application is sent to issue, the right to amend has vanished."

The Board of Appeals in its decision stated:

"The appeal is regarded as presenting the question of practice following the recent abolishment of rights of renewal. It has been noted in two recent Commissioner's decisions, In re application filed July 10, 1940; 526 O.G. 857 and In re application filed April 17, 1940; 531 O.G. 3, that since

abolishment of right of renewal, applications may not be filed as formal continuation applications with the inherent benefit of date of the earlier applications.

\* \* \* \* \*

"After careful consideration, we are unable to find error in the examiner's conclusions. Mere scope of claims does not make a different invention. All the present claims could have stood in the original allowed application and for this reason the present case is regarded as falling within the prohibited practice in Re application filed July 10, 1940. It may be noted that unless applicant can secure benefit of the earlier application that stood allowed, now abandoned, the record indicates that the present claims are barred by public use and sale.

"The decision of the examiner is affirmed."

In the case of In re application filed July 10, 1940, 1941 C.D. 12, 526 O.G. 857, cited by the Patent Office tribunals the commissioner held that the repeal of Section 4897, supra, prevented a holding that an application filed while an allowed application for the same invention was pending in the Patent Office should be regarded as a continuation of the allowed application.

In arriving at his conclusion, the commissioner relied upon the cases of Weson Electrical Instrument Co. v. Empire Electrical Instrument Co. et al., 2 Cir., 136 F. 599, and Barrett v. Hart, 1918 C.D. 62, 256 O.G. 224, the latter case being a decision of the Commissioner of Patents.

The first case above cited in the commissioner's decision obviously has no relevancy to the case before us. It was there held that where an allowed application had been forfeited, a second renewal application for the same invention could not, because of the provisions of Section 4897, supra, be made more than two years after the allowance of the original application.

The case of Barrett v. Hart, supra, cited in the commissioner's decision, was decided in 1918. It was there held, quoting from the syllabus:

"1. Applications—Renewal—Continuation.

"Where an application was allowed, forfeited, renewed, and again allowed, and after the time within which a second renewal could have been filed a second application disclosing the same subject-matter was filed, *Held,* that the second application cannot be regarded as a continuation of the first."

Thus it will be seen that the case last cited has no application to the case at bar for the reason that at the time of the filing of the alleged "continuation" application, the original application had been forfeited and renewed, while in the case before us at the time of the filing of appellant's instant application there had been no forfeiture or abandonment of his original application.

After discussing the above cited cases the commissioner in his decision, In re Application filed July 10, 1940, supra, decided May 5, 1941, stated: "(1) From the above it is clear that the right of a continuing application to relate back to the filing date of a prior allowed application was determined by the renewal rights of the allowed application at the time of filing of the later case, and an application was not a continuing application which was filed at a time when its prior allowed application could not be renewed. By the same reasoning it follows that the taking away of the renewal right by the repeal of section 4897 R.S. leaves an allowed application in the same condition as regards continuity as existed at the expiration of the statutory period for renewal under the renewal statute. While it is true as noted in Barrett v. Hart, supra, that the allowed application is alive during the six months period following the notice of allowance, yet the right to keep such application alive expires at the end of that period. If continuity could now be preserved by a continuing application filed during the six months period following allowance, the process could go on indefinitely because the repeal of the renewal statute takes away the limitation as to time of filing of such a continuing application that existed under that statute. The policy of the law as to diligence in the prosecution of applications which the above noted decisions sought to protect would thus be nullified."

For the above stated reasons the commissioner held that the application there involved was not a continuation of appellant's earlier application.

In the case of In re Application filed April 17, 1940, 1941 C.D. 14, 531 O.G. 3, decided on July 16, 1941, the commissioner held that if a second application was a continuation, *in part,* of a former application, and was filed while the former

application was at issue, that is the claims had been allowed, and if the second application was a bona fide continuation, *in part,* of the former application, the second application could be given the benefit of the date of the first application.

■ While we appreciate that substantial benefits to the public by reason of the repeal of Section 4897, supra, might result if the commissioner's views as above stated could be upheld, we are unable to agree that said section ever had any relevancy to an application which was filed prior to the forfeiture or abandonment of an original allowed application upon which the second application was based.

■ Section 4897, supra, had no application to allowed applications which had not become forfeited through failure to pay the final fee due upon the issue of a patent. As to all unforfeited applications the law as construed by the case of Godfrey v. Eames, supra, and other cases, and applied by the Patent Office for many years, remained unaffected by the enactment of said section. We are therefore unable to see how an application which under the law and practice of the Patent Office was proper prior to the enactment of Section 4897, supra, and was not embraced in its provisions, could be affected by the repeal of that section.

We would here observe that the case of Godfrey v. Eames, supra, was cited by the Supreme Court with approval as recently as 1937 in the case of Crown Cork & Seal Co. v. Ferdinand Gutmann Co., 304 U.S. 159, 58 S.Ct. 842, 82 L.Ed. 1265.

The repeal of Section 4897, supra, left the law with respect to continuing applications as it was before the enactment of that section. All that the repeal accomplished was to deny to an applicant whose application had become forfeited the right to file a renewal application which should have the benefit of the filing date of his original application.

■ The fact that the Congressional history of the repeal of Section 4897, supra, shows that its purpose was to obviate delays in the issue of patents growing out of renewals of *forfeited* applications does not warrant us in holding that Congress had an intent to change the historical policy of the Patent Office with respect to applications which had not been forfeited. If Congress had any such desire it could have readily provided that if a new application be filed for the same invention as is disclosed and claimed in an allowed application, such new application should not have the benefit of the date of the allowed application, but this was not done.

It will be noted that in the Examiner's Statement on Appeal, as hereinbefore quoted, he said that "a continuation application derives its filing date rights from the parent because of the right to amend the parent, for, when an application is sent to issue, the right to amend has vanished."

We would first observe that the right to amend appellant's original application had expired only because of the rules of the Patent Office. The brief of the solicitor for the Patent Office states: "Admittedly all the claims of the second application which were appealed to the Board of Appeals could have been made in the first application and that one of them (claim 5) is broad enough to cover the variant form of the device described in the second application, but not shown in the drawing thereof."

■ The question of whether the right to file a continuing application even though the amendment of the original application was barred by rules of the Patent Office was considered by the Commissioner of Patents in the case of Hopfelt v. Read, 1903 C.D. 319, 106 O.G. 767. He there stated as follows:

"An application for a patent when filed complete in the Patent Office which warrants the issue of a patent and is not abandoned is in law a constructive reduction to practice. (Lindsay v. McDonough, C.D., 1891, 89; 55 O.G., 1402; Croskey v. Atterbury, C. D., 1896, 437; 76 O.G., 163.)

"This is so when two applications are pending contemporaneously and the first is not abandoned, whether the claims are presented in the original application itself or in a later application filed as a division or a continuation of the original application, as in the second case the later application dates back to the earlier one. It is only necessary that the description in both applications shall be sufficient to support the claims. The fact that the Office practice may prohibit the prosecution and allowance of the claims in an earlier application does not prevent an applicant from availing himself of the earlier date of filing as his date of constructive reduction to practice when he files a later application containing

the same description and the claims based upon the same."

The above portion of the decision was quoted in the case of Duryea v. Rice, 28 App.D.C. 423.

In the case of Ex parte Hall, 1920 C.D. 56, 277 O.G. 395, the Commissioner of Patents defined a continuing application as follows: "A continuing application is an application filed subsequently to another application, while the prior application is pending, disclosing all or a substantial part of the subject-matter of the prior application and containing claims to subject-matter common to both applications, both applications being filed by the same inventor or his legal representative. Defining it in a simpler way, a continuing application is a development of an applicant's earlier application and which is entitled to the filing date of his earlier application for a constructive reduction to practice of the common embodiment of his invention in the two applications."

The foregoing has been frequently quoted by writers upon patent law. It may be found in Walker on Patents (Deller's Edition) Vol. 2, Section 184.

Of course it is so well established as to require no citation of authority that a second application may not have the benefit of the date of an earlier application unless it is for the same invention and was filed while the earlier application was pending in the Patent Office.

Inasmuch as the rejection of appellant's claims was based wholly upon the ground that because of the repeal of Section 4897, supra, his instant application is not entitled to the benefit of the date of his first application, we do not find it necessary to consider any other questions which perhaps might have been raised in the consideration of the instant application.

As hereinbefore stated, we hold that the repeal of Section 4897, supra, is not relevant to the issue before us; that appellant, from September 28, 1938, the date of his first application, was continuously applying for a patent for the invention claimed, and that no public use of the invention was shown prior to the date of his first application.

Upon the above statement and holding we find that the board erred in affirming the decision of the examiner, and its decision is reversed.

Reversed.