**Elie P. AGHNIDES and Chase Brass and Copper Company, Inc., Plaintiffs-Appellants,**

**v.**

**Orloff W. HOLDEN and Marguerite Holden, doing business as Knickerbocker Rubber Company, Defendants-Appellees.**

**No. 11405.**

United States Court of Appeals Seventh Circuit.

Nov. 3, 1955.

E. R. Hamilton, Akron, Ohio, John Rex Allen, Chicago, Ill., R. Morton Adams, New York City, Harold A. Smith, Chicago, Ill., Pennie, Edmonds, Morton, Barrows & Taylor, New York City, Ely, Frye & Hamilton, Akron, Ohio, Winston, Strawn, Black & Towner, Chicago, Ill., of counsel, for appellants.

Foorman L. Mueller, Chicago, Ill., Mueller & Aichele, Chicago, Ill., of counsel, for appellees.

Before MAJOR, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

On July 19, 1950, plaintiffs filed a complaint in the district court against defendants, charging them with infringement of the patent to Aghnides, number 2,210,846. Issue was joined and the cause remained in *status quo* until the decision of this court on February 24, 1954, in Aghnides v. Goodrie, 210 F.2d 859, wherein plaintiff Aghnides had sued other defendants for infringement of the same patent. In that case the district court had held each of the claims, five in number, invalid and, upon appeal, we affirmed the judgment. Following this decision, the defendants on November 4, 1954, in the suit at bar then pending, filed a motion for summary judgment setting up the findings, conclusions and judgment of the district court and the decision of this court in the former case, claiming that there remained no genuine issue as to any material fact and that under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., they were entitled to judgment as a matter of law.

Plaintiffs filed an affidavit of the patentee in which he stated that he had made a new model of the prior art Felten device which we had held in the Goodrie case anticipated the patent in suit. He averred that he was prepared to conduct new tests and produce new evi-

dence and show that the prior art Felten device did not accomplish the same results or have the same mode of operation as that of the patent in suit; that he was prepared to show by new and different models and tests of the prior art that the elements of the patented device are not old and do not perform the same functions as they performed in the prior art devices; and that, element for element, Felten and Aghnides are not the same and do not accomplish the same results. The trial court held that the suggested new evidence was not fairly distinguishable from the evidence in the Goodrie case, our decision in which established the invalidity of the plaintiffs' patent, and that, as a matter of law, defendants were entitled to judgment. This appeal followed.

Defendants argue that the affidavit of Aghnides is general and not specific; that it discloses merely a desire to relitigate the validity of the patent by producing new models and such evidence as will convince the district court that the decision in the former case was wrong. In this connection, it is obvious we think, that the affidavit is general and, in the ordinary case, would not constitute a sufficient showing of a genuine issue as to any material fact. But, in our opinion, this is immaterial under the facts of the present case.

This suit was pending at the time of our former decisions. It was against other alleged infringers who are not shown to be identified in any wise with the defendants in the former case, or in privity with them. It would seem axiomatic therefore, that the rules of *res adjudicata* do not apply and, indeed, defendants do not insist that they do. Nor can it be said that our decision in the former case is the law of this circuit to the extent that it is decisive in other cases for infringement against other defendants. Plaintiffs have a right, if they desire, to litigate as against other defendants and not until and unless it appears by the evidence submitted at the trial that it does not differ essentially from the evidence submitted in the for-

mer case, will the decision in the first case become the law of the present one. Thus, in Triplett v. Lowell, 297 U.S. 638, at pages 642–644, 56 S.Ct. 645, at page 647, 80 L.Ed. 949, the Supreme Court said: "Neither reason nor authority supports the contention that an adjudication adverse to * * * the claims of a patent precludes another suit upon the same claims against a different defendant. While the earlier decision may by comity be given great weight in a later litigation and thus persuade the court to render a like decree, it is not *res adjudicata* and may not be pleaded as a defense. See Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856; Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 35, 50 S.Ct. 9, 74 L.Ed. 147. * * * neither the rules of the common law applicable to successive litigations concerning the same subject-matter, nor the disclaimer statute, precludes relitigation of the validity of a patent claim previously held invalid in a suit against a different defendant." It continued, 297 U.S. at page 648, 56 S.Ct. at page 650: "The fact that the suit was brought in the same circuit where the Court of Appeals had previously held some of the claims invalid is immaterial, for the court must decide whether the issues of law and fact in the two cases are the same, and if they are not it is not bound by the earlier decision."

A case similar to the one before us is Gold Seal Importers, Inc. v. Westerman-Rosenberg, Inc., 2 Cir., 133 F.2d 192. There, by amended answer, the defendant averred that the patent had been held invalid by the Court of Appeals in the case of Gold Seal Importers v. Morris White Fashions, 2 Cir., 124 F.2d 141, and moved for judgment on the pleadings. There, too, the district court granted the motion merely because the validity of the patent had been decided adversely to the plaintiff in the former case. The judgment was reversed. The court said, Gold Seal Importers, Inc., v. Westerman-Rosenberg, Inc., 2 Cir., 133 F.2d at pages 192–193: " * * * obviously that decision cannot be pleaded as

*res judicata* in a suit against a different infringer not in privity with Morris White Fashions. Nor is it a precedent which the district court was bound to follow, unless the evidence pertinent to the issue of validity is the same in both cases. Smith v. Hall, 301 U.S. 216, 218, 57 S.Ct. 711, 81 L.Ed. 1049; Lektophone Corp. v. Miller Bros., D.C.Del., 37 F.2d 580, 581; Minerals Separation v. Butte & Superior Copper Co., D.C.Mont., 237 F. 401, 402."

Of course it is desirable that there should be an end to litigation. But this beneficent result cannot be attained at the expense of depriving plaintiffs of the right to show, if they can, that, as against defendants who have not previously been in court, the patent is valid and infringed.

The judgment is reversed and the cause remanded to the district court for further proceedings consistent with this opinion.

SCHNACKENBERG, Circuit Judge (concurring).

I believe that Judge Lindley has correctly applied the law, in its existing state, to the case before us. While the counter-affidavit of Aghnides is defective, I believe that it is superfluous and that he is entitled under existing law to another day in court where he may relitigate the same issue upon which he lost in the Goodrie case. The law does not require him to justify this indulgence. He is entitled to it because a suit testing the validity of a patent is not a proceeding *in rem* and hence Aghnides may litigate and relitigate again and again the question of validity of his patent as long as he selects a different defendant in each of the infringement suits which he files, thus avoiding the wholesome doctrine of *res adjudicata*. This queer result is one which we are unable to avoid. It is a situation which is particularly abhorrent when considered against the backlog of untried cases which clogs our federal courts. The latter are cases where the litigant asks only for his day in court, not a plurality of days in court as Aghnides is entitled to under the existing law. The remedy lies not in our hands. The congress could by legislation grant relief.