**John K. RAINS, Plaintiff,**

v.

**NIAQUA, INC., Defendant.**

**Civ. No. 11568.**

United States District Court
W. D. New York.

March 25, 1968.

Greenspan & Aurnou, White Plains, N. Y. (Leon J. Greenspan, White Plains, N. Y., of counsel), and Sommer & Weber, Buffalo, N. Y. (Kenneth R. Sommer, Buffalo, N. Y., of counsel), for plaintiff.

Bean, Brooks, Buckley & Bean, Buffalo, N. Y. (Edwin T. Bean, Buffalo, N. Y., of counsel), and Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buf-

falo, N. Y. (John M. Montfort, Buffalo, N. Y., of counsel), for defendant.

HENDERSON, District Judge.

This is an action brought under the patent laws of the United States for alleged infringement by defendant of Patent No. Des. 201,793. Jurisdiction and venue are not disputed.

The plaintiff, John K. Rains, is a resident of White Plains, New York, and the owner of the patent in suit which was applied for an April 26, 1963, and issued on August 3, 1965. Niaqua, Inc., the defendant, is a New York corporation having its principal place of business within this district.

The patent is directed to the appearance of an above ground or on ground, as distinguished from an excavated swimming pool. Depicted in the patent is a rectangular pool, the elevated rim of which is surrounded by a walkway reached by stairs. The walkway is safeguarded by a crisscross splat type fence which is perpendicular to the walkway and ground. For support, the walkway, in part, utilizes a series of equally spaced vertical posts or studs which also support the walls of the pool. Two horizontal members, an inclined strut and gussets are joined with each of the posts or studs so as to form a series of inverted, partially enclosed triangles which fully support the walkway above and add to the lateral integrity of the posts or studs.

The pool marketed by the defendant initially was more similar in general appearance to the plaintiff's design, omitting only the aforementioned gussets through substitution of heavier posts or studs. Following notice of the issuance of the plaintiff's patent, the defendant discontinued use of the crisscross splat type fence.

In defense of the suit, the defendant claims invalidity and noninfringement.

With respect to the issue of validity, the prior art has been asserted and is pertinent. The so-called Esther Williams pool, concededly prior, is rectangular, has the elevated walkway, and uses a perpendicular fence. The fence line, however, is carried downward to ground level and enclosed to conceal the actual tank area. The patent to Pruess, Des. 185,570, issued in 1959, discloses features similar to the Esther Williams pool.

The patent to Pruess, Des. 189,811, issued in 1961, is most relevant since it employs a series of inverted triangular forms emanating from the pool tank, as does the patent in suit. The fence line, however, is also inclined to complement the inclined aspect of the substructure. The French patent, No. 768,506, issued in 1934, although a mechanical patent, displays overall features quite similar to the patent in suit.

Popular Mechanics Magazine of April 1961, at page 162 in the upper left-hand column, second figure from the top, shows a design for a fence or railing using crisscross splats that could be used in any suitable environment.

The plaintiff has produced witnesses to testify with respect to the public acceptance and commercial success of his franchised pool and witnesses who testified that they preferred the appearance of plaintiff's pool to other pools on the market. The testimony of plaintiff's franchise holders shows public acceptance of above ground pools of all types. The pools of plaintiff's design, with substantial sums for advertising, have enjoyed considerable success. Much of that success, however, would appear attributable to changing social and economic factors.

Title 35 § 103 U.S.C. provides:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the

art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

In this court's judgment, the failure of those witnesses who testified on the issue of obviousness to demonstrate sufficient familiarity with the prior art, renders their opinions of little value.

Two decisions have been rendered in connection with the Rains patent. One by Judge Sugarman in the Southern District of New York, apparently unreported, denied defendant's motion for summary judgment on the issue of validity. In so ruling, Judge Sugarman appears to have been principally impressed by the decorative aspects of the gusset plates employed on plaintiff's design. District Judge Wortendyke of the District of New Jersey, on motions for summary judgment,[1] declared the Rains patent invalid.[2] This court finds little to add to Judge Wortendyke's excellent analysis of the legal principles involved or to his discussion of the references cited by the patent office.

On a full trial record, this court joins in Judge Wortendyke's view that:

"The design of the patent in suit utilizes in combination a number of elements which severally were well known to the prior art. The utilization of these old elements in combination does not represent inventive skill and creative talent beyond that of the ordinary designer chargeable with knowledge of the prior art. What the plaintiff here has done amounts to nothing more than 'an unstartling regrouping of old elements which demonstrated no originality born of inventive faculty.' (Bliss, supra [Bliss v. Gotham Ind., 9 Cir.], 316 F.2d [848] at p. 850). If it be assumed that plaintiff's design discloses the talent of an adapter, nevertheless it fails to manifest the art of the inventor. Moreover, the design is not ornamental in the sense that it is the product of aesthetic skill and artistic conception. It has no particularly aesthetic appeal, in line, form, color, or otherwise. It contains no dominant artistic motif either in detail or in its overall conception." [3]

 Concluding that the patent in suit is invalid, the issue of infringement need not be reached. However, were the court not convinced of the invalidity of the patent, it would not find infringement. Plaintiff's design, with the possible exception of the gussets, is readily suggested by reference to the prior art. A view of validity, therefore, would appear to require a finding that use of the gussets would in no way be suggested or occur to an adapter. Since defendant's pool has never utilized gussets, the court would not find infringement.

Let judgment enter accordingly.

---

1. The plaintiff denies that that case was in a proper posture for summary judgment.

2. Rains v. Cascade Industries, Inc., 269 F.Supp. 688 (D.C.N.J.1967).

