**John K. RAINS, Plaintiff,**

v.

**JIL-MIC, INC., Defendant.**

**No. 66 Civ. 812.**

United States District Court
S. D. New York.

April 3, 1969.

Greenspan & Aurnou, White Plains, N. Y., for plaintiff.

Keith, Johnston, Isner & Eslinger, New York City, for defendant, by Albert C. Johnston, New York City, Sperry & Zoda, Frederick A. Zoda, Trenton, N. J., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendant moves for summary judgment or, in the alternative, for an order dismissing the complaint.

Plaintiff instituted this action on March 22, 1966, alleging that defendant had infringed plaintiff's Design Patent No. Des. 201,793 (the Rains patent)

issued by the Patent Office on August 3, 1965 on plaintiff's application filed April 26, 1963 covering an ornamental design for above-ground swimming pools. There were originally two defendants, but by order filed August 26, 1966, Judge Wyatt directed the transfer of the action as to the defendant Cascade Industries, Inc. to the United States District Court for the District of New Jersey. Defendant Cascade moved for summary judgment dismissing the complaint, which was granted by the District Court of New Jersey, Rains v. Cascade Industries, Inc., 269 F.Supp. 688 (D.C.N.J. 1967). The Court of Appeals for the Third Circuit reversed, two to one, on the ground that there were genuine issues of material facts which should go to trial, 402 F.2d 241 (3d Cir. 1968).

In the meantime, plaintiff instituted another action against Niaqua, Inc. in the United States District Court for the Western District of New York, charging Niaqua, Inc. with infringement of the Rains patent. Following a full trial, Judge Henderson, on March 25, 1968, held the Rains patent invalid, finding that the design, with the possible exception of the gussets, was readily suggested by reference to the prior art. Rains v. Niaqua, Inc., 282 F.Supp. 383 (W.D. N.Y.1968). The Court of Appeals for the Second Circuit affirmed on January 13, 1969, 406 F.2d 275 (opinion by Feinberg, C. J.).

It appears that defendant's motion papers were mailed to plaintiff's attorney on February 27, 1969. Plaintiff's attorney failed to appear on March 18, the return day of the motion, nor did he file any papers in opposition. It also appears that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant made certain requests for admissions by mailing a copy to plaintiff's attorneys on February 11, 1969, and that, accordingly, the matters requested are deemed admitted since plaintiff failed to serve denials or objections within the 10-day period contained in the notice.

Since no privity appears between the defendant and Niaqua, Inc. who successfully challenged the validity of the Rains patent in the Western District of New York, the ruling of Judge Henderson and the affirmance by the Court of Appeals is not *res judicata* and may not be pleaded as a bar to this action. Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936); Gold Seal Importers, Inc. v. Westerman-Rosenberg, Inc., 133 F.2d 192 (2d Cir. 1943).

On the other hand, by failing to answer defendant's requests for admission, which included the opinions in the District Court and the Court of Appeals in *Niaqua, Inc.*, and by failing to oppose this motion, plaintiff has conceded that the facts here in issue are the same as those in *Niaqua*. Therefore *stare decisis* dictates that this court follow the decision, based on the same facts, of the Western District of New York and affirmed by the Court of Appeals in *Niaqua*.

Accordingly, defendant's motion for summary judgment dismissing the complaint is granted.

Settle order on notice.