HUNT et al. v. PRIEBE & SONS, Inc.

Civ. A. No. 588.

United States District Court
N. D. Iowa, W. D.

Aug. 16, 1950.

Harold F. McNenny, of Cleveland, Ohio, for the plaintiffs. F. O. Richey, of Cleveland, Ohio, and Stanley M. Corbett, of Sioux City, Iowa, were with him on the briefs.

Casper W. Ooms and Owen J. Ooms, of Chicago, Ill., and Benjamin F. Swisher, of Waterloo, Iowa, appeared as attorneys for the defendant.

GRAVEN, District Judge.

On the 7th day of June, 1950, the above-entitled case came on for trial before the Court at the Federal Court House at Waterloo, Iowa. The parties then and there presented their evidence, arguments of counsel were made and the case submitted to the Court and by it taken under advisement. Now, to-wit, on this 16th day of August, 1950, the Court now being fully advised in the premises makes and enters the following Findings of Fact, Conclusions of Law and Order for Interlocutory Judgment.

### Findings of Fact

1. This is an action in which the plaintiffs charge the defendant with committing acts in the Northern District of Iowa which constituted, and constitute, infringement of the patent involved in this action.

2. The plaintiff, Anna May Hunt, administratrix, is a resident of the State of

Ohio. The plaintiff, Greenbrier Company, is an Ohio corporation with its principal place of business at Cleveland, Ohio. The defendant, Priebe & Sons, Inc., is a Delaware corporation with its principal place of business at Sac City, Sac County, Iowa. The acts complained of herein were committed at its said principal place of business. Sac County is in the Northern District of Iowa.

3. On October 27, 1942, United States Letters Patent No. 2,300,157 were duly and legally issued to the patentee, George R. Hunt, for inventions in "Feather-picking apparatus for fowl and the like." George R. Hunt died intestate a resident of Summit County, State of Ohio, in August, 1948. During all of the period from October 27, 1942, until his death, the said George R. Hunt was the owner of legal title to the said Letters Patent. On August 21, 1948, the Probate Court of Summit County, Ohio, appointed Anna May Hunt as administratrix of his estate, and she has since acted and been such. On December 31, 1947, the plaintiff, Greenbrier Company, became the owner of the exclusive right and license to manufacture, use, and sell the inventions disclosed and claimed in said letters patent.

4. The patent in suit contains 19 claims. On February 26, 1947, the patentee, George R. Hunt, with the then exclusive licensee consenting, filed disclaimer whereby claim 16 of said patent was disclaimed.

5. The defendant, Priebe & Sons, Inc., is charged by the plaintiffs with the infringement of claims 2, 3, 7, 8, 10, 12, 14, 17 and 19 of the patent in suit by reason of its use of various machines made by E. J. Albright Co. and Gordon Johnson Co. and fingers for such machines. These claims are as follows: claims 2, 3, 7, 8, 10 and 17 are machine claims and claims 12, 14 and 19 are finger claims.

6. The device shown and described in the Hunt patent consists of an apparatus used in the poultry industry for picking feathers from fowl in the course of preparing them for market. The machine comprises a structure consisting of a drum mounted in a frame with flexible fingers arranged completely around the drum and revolved by an electric motor, and extending outward from the periphery thereof. Feathers are removed from the fowl by their being brought into contact with the revolving fingers.

7. The machine defined by each of the machine claims 2, 3, 7, 8, 10 and 17 and the finger defined by each of claims 12, 14 and 19 of the Hunt patent were new and useful, accomplished important new results and embodied patentable invention. The patent in suit is a pioneer patent and basic in nature.

8. The defendant has offered no prior art that anticipates or in any way invalidates or limits the Hunt patent in suit. Until the Hunt patent, and the disclosures made by Hunt, no machine had been built or constructed which successfully picked fowl by mechanical means. Such prior art as has been disclosed consists entirely of "paper" patents for machines that were either never built or never operated in accordance with the disclosures of those patents.

9. The defendant offered in evidence as prior art patents Griggs No. 920,566; Bouda No. 1,372,595; Richards No. 1,755,665 and Swanson No. 1,889,228. Those patents were before and given consideration by the Patent Office Examiners both in ex parte and inter partes consideration of the claims of the Hunt patent in suit.

10. Each of the prior art patents offered in evidence by the defendant was before other courts in the following cases: Mueller v. Campbell, D.C., 68 F.Supp. 464; Campbell v. Mueller, 6 Cir., 159 F.2d 803; Mueller v. Campbell, D.C., 68 F.Supp. 475; Mueller v. Wolfinger, D.C., 68 F.Supp. 485; Hunt v. Armour & Co., D.C., 90 F.Supp. 767; Mueller v. Wolfinger, D.C., 91 F.Supp. 971. Those courts found that such patents did not anticipate the Hunt patent. Each of said patents was before this Court in the case of Mueller v. Pickwick.[1] This Court in that case found that the said patents did not anticipate the Hunt patent. This Court again so finds.

11. The machine shown in the photographs, Defendant's Exhibits 18 to 21, and

1. No opinion for publication.

in the motion picture, Defendant's Exhibit 31, claimed by defendant to be a model of the machine of the Bouda Patent No. 1,-372,595, is not a correct reproduction of the disclosures made in the Bouda patent. The model entirely omitted the rollers which were Bouda's means of plucking and embodied only the rubber paddles which Bouda had described as being useful for wiping purposes only, The model did not work successfully in the demonstration of it. The model is a partial reproduction of the Bouda machine and differs from the disclosure of the Bouda patent in structure, mode of operation and results, and has no probative value.

12. The machine illustrated in the photographs, Defendant's Exhibits 22 to 24, and in the motion picture, Defendant's Exhibit 31, claimed by the defendant to be a machine embodying fingers disclosed in the Bouda Patent No. 1,372,595, is not a reproduction or illustration of anything disclosed in the prior art. The machine and the fingers of this model differ from the disclosures of the Bouda Patent No. 1,372,595, which they are alleged to represent, in structure, mode of operation and results, and this model has no probative value.

13. The machine illustrated in the photographs, Defendant's Exhibits 25 to 30, and in the motion picture, Defendant's Exhibit 31, claimed by defendant to be a model of the Richard's Patent No. 1,755,665, is not built in accordance with the Richards specifications. It differs from the disclosure of the Richards patent in structure, mode of operation and results, and has no probative value.

14. The machine of the Hunt patent met with immediate commercial success and has continued to meet with commercial success.

15. The accused machines used by the defendant—the Albright machine illustrated in Plaintiffs' Exhibits 1, 2 and 3 and equipped with fingers exemplified by Defendant's Exhibit 8; the Johnson manual machines illustrated in Plaintiffs' Exhibits 9 and 10 and equipped with fingers exemplified by Defendant's Exhibit 6; and the Johnson Rocket Dual Drum machines illustrated in Plaintiffs' Exhibit 81 and equipped with fingers exemplified by Defendant's Exhibits 5 and 49—all operate in the same way and obtain the same results as the machines disclosed in the Hunt patent in suit and are substantially identical therewith in structure. The fingers of the said machines, exemplified by Defendant's Exhibits 5, 6, 8 and 49, are substantially identical in structure and identical in operation and results with the fingers disclosed in the Hunt patent in suit. The differences in length, shape, number and size of corrugations and in the ways in which the fingers are recessed or cut away to provide the equivalent of the hollow disclosed in the drawings of the Hunt patent in suit do not affect the functioning or the results.

16. Claims 3, 8, 14, 17 and 19 of the Hunt patent in suit do not recite the hollow feature which is found in some of the other claims. The Albright machines and fingers illustrated in Plaintiffs' Exhibits 1, 2 and 3 and exemplified by Defendant's Exhibit 8 respond literally to claims 2, 7, 10, 12, 17 and 19 of the patent in suit and are the equivalents of the machine and fingers disclosed in that patent. The Johnson manual machines and fingers illustrated in Plaintiffs' Exhibits 9 and 10 and exemplified by Defendant's Exhibit 6 respond literally to claims 10, 17, and 19 of the patent in suit and are the equivalents of the machine and fingers disclosed in that patent. The Johnson Rocket Dual Drum machines and fingers illustrated in Plaintiffs' Exhibit 81 and exemplified by Defendant's Exhibits 5 and 49 respond literally to claims 3, 8, 14, 17 and 19 and differ in structure from claims 2, 10, and 12 only immaterially in matters of form and position, which do not affect the offices performed or the principle of operation, and are the equivalents of the machine and fingers disclosed in the patent in suit.

17. There is no file wrapper estoppel which prevents the claims in suit from being infringed by the accused devices. The file wrapper discloses that the amendments made by Hunt in the Patent Office were made without prejudice and that Hunt never intended or expressed in the file wrapper any intention to limit the patent to hollow fingers.

770

18. The Albright automatic machines used by the defendant illustrated in Plaintiffs' Exhibits 1, 2 and 3 and the fingers thereof exemplified by Defendant's Exhibit 8 infringe claims 2, 7, 10, 12, 17 and 19 of the Hunt patent.

19. The Johnson manual machines illustrated in Plaintiffs' Exhibits 9 and 10 and the fingers thereof exemplified by Defendant's Exhibit 6 infringe claims 10, 17 and 19 of the Hunt patent.

20. The Johnson Rocket Dual Drum machines and the fingers thereof exemplified by Defendant's Exhibits 5 and 49 infringe claims 2, 3, 8, 10, 12, 14, 17 and 19 of the Hunt patent.

21. The plaintiffs are not and have not been using the Hunt patent in suit to control the sale of unpatented poultry machine components.

22. The plaintiffs do not control or attempt to control the patented fingers after the patent monopoly on the fingers is exhausted by the sale of them.

23. The plaintiffs have not expanded or attempted to expand their patent monopoly to secure a monopoly on or to control unpatented rotary members or other parts for poultry picking machines.

24. The plaintiffs sell the patented machines, and also sell the patented fingers, which have a legitimate use as replacement for broken or worn out fingers on the patented machines which have been sold by the plaintiffs and their licensees.

25. In this suit the plaintiffs seek to enjoin and recover for the use of unlicensed machines embodying the invention of the machine claims in suit and the use of unlicensed fingers embodying the invention of the finger claims in suit. Plaintiffs do not use or attempt to use the machine claims of the patent in suit to control or restrict trade in anything other than the unlicensed infringing machines, and do not use or attempt to use the finger claims of the patent in suit to control or restrict trade in anything other than unlicensed infringing fingers.

### Conclusions of Law

1. The Hunt patent in suit No. 2,300,157 is a valid pioneer patent and each of the claims 2, 3, 7, 8, 10, 12, 14, 17 and 19 is valid.

2. The defendant, Priebe & Sons, Inc., has infringed claims 2, 7, 10, 12, 17 and 19 by using the Albright automatic machines illustrated in Plaintiffs' Exhibits 1, 2 and 3 and the fingers thereof exemplified by Defendant's Exhibit 8.

3. The defendant, Priebe & Sons, Inc., has infringed claims 10, 17 and 19 by using the Johnson manual machines illustrated in Plaintiffs' Exhibits 9 and 10 and the fingers thereof exemplified by Defendant's Exhibit 6.

4. The defendant, Priebe & Sons, Inc., has infringed claims 2, 3, 8, 10, 12, 14, 17 and 19 by using the Johnson Rocket Dual Drum machines and the fingers thereof exemplified by Defendant's Exhibits 5 and 49.

5. The plaintiffs have not misused the patent in suit.

6. The plaintiffs are entitled to the relief prayed for in their complaint.