GORDON JOHNSON CO. v. HUNT et al.
Civ. No. 28208.

United States District Court
N. D. Ohio, E. D.
Nov. 21, 1952.

Howard Burns, Cleveland, Ohio, Dawson & Ooms, Casper W. Ooms, Chicago, Ill., C. Earl Hovey, Kansas City, Mo., for plaintiff.

F. O. Richey, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is an action for a declaratory judgment of invalidity and noninfringement of U. S. Letters Patent No. 2,300,157. The patent covers feather picking apparatus for fowls. Defendants, the owners and exclusive licensees of the patent, having counterclaimed for infringement, now move the court for a preliminary injunction, enjoining and restraining the plaintiff, its officers, agents, servants, and employees, pending

this suit, from directly or indirectly infringing upon claims 2, 3, 7, 8, 10, 12, 14, 17, and 19 of the patent by making and selling the accused devices.

Defendants' request for injunctive relief is predicated upon the prior adjudications of other courts in actions wherein the patent was held valid and infringed, and upon other evidence in the form of affidavits and exhibits.

Plaintiff strongly urges denial of the requested relief because in its view new prior use defenses make validity doubtful; there is no clear showing of infringement; there is no showing that defendants will suffer irreparable damage; defendants are by their laches barred from injunctive relief; and the issues involved are not res judicata as to it.

In ruling upon the motion for summary judgment previously filed, D.C., 102 F.Supp. 1008, the court considered and rejected defendants' contention that the issues involved herein are res judicata as to plaintiff because it participated in and controlled prior litigation involving its customers. Further evidence adduced in support of this contention in connection with the present motion does not convince the court that it should presently reach a different result and now dismiss the action or grant a preliminary injunction on this basis.

The authorities cited by defendants make it clear, however, that in the absence of special equitable considerations, a court should grant a preliminary injunction to protect a patent where there have been prior adjudications sustaining the patent in suits between the patentee and other infringers and the patent has been given a scope sufficient to include the accused constructions.

The patent in suit has been the subject of much litigation wherein its validity has been consistently upheld. I have read and carefully considered the reported decisions, which are as follows:

Mueller v. Campbell, 6 Cir., 159 F.2d 803; Hunt v. Armour & Co., 7 Cir., 185 F.2d 722; Priebe & Sons Co. v. Hunt, 8 Cir., 188 F.2d 880; Mueller v. Campbell, D.C.S.D. Ohio, 68 F.Supp. 464; Mueller v. Campbell, D.C.S.D.Ohio, 68 F.Supp. 475; Mueller v. Wolfinger, D.C.S.D.Ohio, 68 F.Supp. 485; Hunt v. Armour & Co., D.C.N.D.Ill., 90 F.Supp. 767; Mueller v. Wolfinger, D.C. S.D.Ohio, 91 F.Supp. 971; Hunt v. Priebe & Sons, D.C.N.D.Iowa, 92 F.Supp. 767; Mueller v. Pickwick Corp., D.C.N.D.Iowa, 94 F.Supp. 742.

The prior art patents cited by plaintiff in the amended complaint in presently challenging validity of the Hunt patent were considered by the courts in the above cases and were held not to anticipate the patent in suit. The defense of patent misuse relied upon by plaintiff was also considered and rejected.

The instances of prior knowledge and use of the invention which is the subject of the patent in suit, cited in paragraph XIII of the amended complaint, have not been finally passed upon by any court heretofore. However, respecting prior uses claimed to invalidate a patent, it must be recognized that the rules governing proof are stringent and the burden of proof rests upon the alleged infringer. See Walker on Patents, Diller's Edition, Vol. 1, Sec. 63.

Judge Miller of the District Court for the Western District of Arkansas in granting the injunctive relief requested here, in the case of Hunt v. Charles Keeshin, Inc., Civil No. 975,[1] upon preliminary examination of the new prior use defenses characterized them as "uncertain" and "lacking in substance". (Copies of the consent judgment and informal opinion on the motion for preliminary injunction are attached to defendants' answer and counterclaim.)

While not attempting to pass finally upon the merits of the new prior use defenses, I have examined them sufficiently to become convinced that they do not cast serious doubt upon the validity of the patent as plaintiff contends.

It is contrary to my sense of justice and the practical necessity of putting controversy at rest to hold that a patent is never

1. No opinion for publication.

valid as long as there are successive infringers ready to challenge it. Perhaps a decision of validity may not, strictly speaking, constitute res judicata as to strangers to the suit; but there must be finality in patent decisions and a decision of validity is an adjudication of the patent, as it seems to me, for all purposes.

■ The Government has granted and issued the patent; the Government's courts have upheld its validity. I think such decisions as already have been rendered should stand, unless reversed by the Supreme Court. It seems to me to be a travesty on reason and justice to contend that adjudication of validity of a patent is good only as between the parties to the suit wherein the adjudication has been made. Enough has been presented in the way of adjudication by other District and Courts of Appeals of this and the Seventh and Eighth Circuits, in respect of the validity of the Hunt patent, to support a preliminary injunction. In such circumstances, an extraordinarily heavy burden is cast upon the plaintiff to escape the effect of those decisions.

The question of infringement as a necessary support for injunctive relief perhaps calls for more consideration, but it would be lacking in candor and fair appraisal to fail to give consideration and effect to the adjudications upon that branch of the matter as reported in the suits against the plaintiff's customers. Certainly, I do not understand how the plaintiff seriously can claim that the infringement found against its customers in suits in which it took an active interest, furnishes no reason or support for a holding of infringement in the case here.

Hunt's was not a design patent, departure from the form of which will escape infringement. If the function and purpose are alike; are directed to the same result; and may be found to be substantially similar in operation, they are the same in patent parlance.

Courts of other Circuits, including Courts of Appeal, have refused to limit the finger claims of the patent in suit to a hollow finger on the basis of a file wrapper estop-pel. They have held that the claims of the patent are broad enough to cover the devices which are here accused and have found that these devices infringe the Hunt patent in suits against plaintiff's customers. Plaintiff asserts, however, that these decisions are in conflict with the decision by our own Court of Appeals in Mueller v. Campbell, supra.

Having carefully read the decision in the Mueller case, I find that our own Court of Appeals did not pass upon the question of whether the finger claims are broad enough to embrace a solid finger which achieves flexibility by a taper or cut on the outside and possesses the other characteristics of the patented finger. This is the issue the courts of the other Circuits had to resolve in determining whether plaintiff's devices infringe the Hunt patent. I fail to see, therefore, the alleged conflict in the decisions.

As upon the issue of validity, a preliminary look at the issue of infringement convinces me that defendants very probably will prevail at a trial on the merits.

■ I do not think that under applicable authorities, defendants are barred by laches from prosecuting the present counterclaim for infringement against the plaintiff. A copious record attests to defendants' diligence in successive efforts to protect their patent. Other suits, and particularly the suits against plaintiff's customers, were notice and warning to it that by its manufacture and sale of the accused devices it might be infringing defendants' patent and be called to account for such infringement.

■■ The general principles of equity relative to injunctive relief apply to patent suits. City of Grand Rapids v. Warren Brothers Co., 6 Cir., 196 F. 892. The granting or withholding of an injunction is a matter addressed to the sound discretion of the court. It must balance the respective equities of the parties and determine the probable damages to one or the other which will result from granting or refusing relief.

■ Upon careful consideration of the motion for preliminary injunction, affidavits, exhibits and briefs of counsel, I am

of the opinion that defendants will suffer irreparable injury if the requested relief is withheld. Accordingly, the preliminary injunction will issue as prayed for.

Defendants should submit a proposed form of order forthwith.

This memorandum will be considered compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A.

### On Plaintiff's Objections to Defendants' Proposed Injunctive Order and Proposals Respecting Bond.

The plaintiff's objections to defendants' proposed order and its suggestions respecting the bond have been carefully considered.

The proposed order appears to comply substantially with the requirements of Rule 65(d), Fed.Rules Civ.Proc. 28 U.S.C.A. While there are references to defendants' interrogatory exhibits, they are made only for the purpose of identifying the accused devices. The acts sought to be restrained are described in detail and with particularity.

The purpose of Rule 65(d) is to apprise the party enjoined of the course of conduct which is prohibited. This is accomplished by the present order and, it seems to me, more readily so by the reference to plaintiff's own circulars.

Respecting the Bloomamatic Washer, the purport of the order is to restrain the manufacture and sale of this device for use as a poultry plucking machine. This carries into effect the judgment of the court on this branch of the case and is not objectionable.

On the matter of the bond, the court is confronted with the serious problem of deciding what will be a fair and just amount in view of the present situation of the parties.

This proceeding is essentially an equitable one. Equitable considerations must govern both the granting of the injunction and the amount of the security.

The rule appears to commit decision upon the amount of the security to the sound discretion of the court. Other courts have so held. Detroit Trust Co. v. Campbell River Timber Co., 9 Cir., 98 F.2d 389; Randolph v. Missouri-Kansas-Texas R. Co., D.C., 68 F.Supp. 1007. This discretion must be exercised however under the standard prescribed by the rule.

I have carefully considered the opinions expressed by John D. Crouch, one of plaintiff's auditors as to the damage likely to result from the improper suing out of the injunction, should this be established. Items 2, 3 and 4 do not appear to be proper items of damage. Item 1 appears to be over stated when the duty of plaintiff to minimize damages is taken into consideration.

Plaintiff's assertion of devastating loss resulting from the preliminary injunction must be somewhat tempered by the fact that three Courts of Appeals have heretofore upheld validity of the defendants' patent, and two Courts of Appeals heretofore have affirmed findings of infringement by District Courts in respect of plaintiff's devices in the hands of plaintiff's customers. Thus, as it seems to me, the plaintiff heretofore has had timely and adequate notice of the risks attendant on its continued aggressive extension of its business in respect of its accused devices.

Affirmatively to respond to the plaintiff's insistence upon what I think is a bond out of all proportion to the proprieties of the circumstances here, would in this case, on the basis of the information before me, effectively deprive the defendants of the benefits of the decree; and, also, in my view, would indicate a lack of confidence on the part of the court in its injunctive order.

It is my considered judgment that a bond in the sum of $15,000 is adequate response to the requirements of Rule 65(c), and that the order, with a minor change in the last paragraph, in all respects fulfills the requirements of Rule 65(d).

### Memorandum on Stay of Injunction and Supersedeas Bond.

The parties appeared before the court, in chambers, on September 23, 1952, at 10:30 a. m., and a full discussion was had of the question of whether the preliminary

injunction should be stayed and, if so, what the amount of supersedeas bond should be under Rule 62(c).

In the affidavit of one of plaintiff's accountants calculations appear and certain figures therein to support the claim of the plaintiff as to the loss which it would sustain by the granting of the injunction. Upon full consideration it is the opinion of the court that a stay bond should be approved in this case because of the preliminary nature of the order appealed from. It would be impossible for the court accurately to determine the precise amount of loss and damage which the defendants may sustain by the stay of the injunction pending appeal,—the court can only approximate it and, as I think, should fix the bond on the basis of a period of six months which aught certainly to cover the period of the pendency of the appeal.

■ The defendants stated that their sub-licensees' royalties vary from five to ten percent. Taking the figures of the plaintiff for its estimated sales for the next twelve months, without the injunction, and the estimated sales for the next twelve months, with the injunction, according to the Couch affidavit, the estimated sales of the accused devices is $1,100,000. Applying thereto, for the purpose of determining defendants' loss and damage, a mean royalty on sales of the devices by its sub-licensees of six percent and taking one-half of that sum as representing a reasonable estimate of time necessary to determine the appeal, together with probable costs and attorney fees, I have determined what I think is a proper amount to support a stay or supersedeas bond and that sum is $35,000.

## On Motion to Strike.

Plaintiff moves the court to strike the printed appeal records of other litigation involving the patent in suit, which were filed in support of defendants' application for preliminary injunction.

The court did not consider these records in ruling upon the motion for injunction because of their incompetency with respect to the questions raised.

The records add extraneous matter to the record in this case and properly should be stricken.

Motion granted.