## TRIPLETT ET AL. *v.* LOWELL ET AL.*

No. 388.   Argued March 4, 5, 1936.—Decided March 30, 1936.

---

* Together with No. 590, *Mantle Lamp Co.* v. *Aluminum Products Co.*   Certificate from the Circuit Court of Appeals for the Seventh Circuit.

*Mr. Samuel E. Darby, Jr.,* with whom *Mr. Charles Markell* was on the brief, for Triplett et al.

*Mr. Clifton V. Edwards,* with whom *Messrs. Gaylord Lee Clark* and *John B. Brady* were on the brief, for Lowell et al.

*Mr. George I. Haight,* with whom *Messrs. W. H. F. Millar* and *M. K. Hobbs* were on the brief, for Mantle Lamp Co.

*Mr. Wm. Nevarre Cromwell* for Aluminum Products Co.

MR. JUSTICE STONE delivered the opinion of the Court.

In No. 388 certiorari was granted to resolve questions as to the scope and effect of the disclaimer statute, R. S. §§ 4917, 4922, 35 U. S. C. §§ 65, 71, raised in a suit brought to enjoin infringement of several patent claims, some of which had previously been held invalid in an infringement suit in another circuit against different defendants.

In No. 590 like questions have been argued upon certificate to this Court, under § 239 of the Judicial Code, of the Court of Appeals for the Seventh Circuit.

### No. 388.

Respondents in No. 388, before bringing the present suit, had sued in a district court in the third circuit to restrain infringement of Claim 9 of Patent No. 1,635,117, July 5, 1927, to Dunmore, for a signal receiving system, and of Claims 3 and 14 of Patent No. 1,455,141, May 15, 1923, to Lowell and Dunmore, for a radio receiving apparatus. Each claim was held invalid by the Court of Appeals for the Third Circuit, *Radio Corporation* v. *Du-*

*bilier Condenser Corp.,* 59 F. (2d) 305, 309, and petitions to this Court for certiorari were denied, 287 U. S. 648, 650. More than eight months after the denial of certiorari respondents filed, in the Patent Office, purported disclaimers of each of the claims thus held invalid, and more than a month later began the present suit in the district court for Maryland to restrain infringement of the same claims and other claims of the same patents not previously adjudicated. A motion to dismiss the suits as to both patents for unreasonable delay in filing disclaimers of the claims previously held invalid, and because the disclaimers were inadequate, was granted by the District Court upon the latter ground.

The Court of Appeals for the Fourth Circuit reversed and ordered a new trial, 77 F. (2d) 556, holding that respondents were not barred from maintaining the second suit, against different defendants, for infringement of the claims previously held invalid and that the disclaimer of those claims was not prerequisite to maintenance of the suit upon the claims not previously adjudicated. It intimated that the second suit could not be maintained unless brought without unreasonable delay, but it concluded that it could not say that there had been unreasonable delay in the present case.

Whether the respondents' disclaimers are merely an attempted formal alteration of the claims so as to conform them more precisely to the specifications without changing their substance or conceding their invalidity, see *Carnegie Steel Co.* v. *Cambria Iron Co.,* 185 U. S. 403, 435, or whether they are in effect such alterations of the substance of the claims as to bring them within the requirements and limitations of the re-issue statute, R. S. § 4916, 35 U. S. C. 54, so as to render both the old and the new claims invalid, see *Altoona Publix Theatres, Inc.* v. *American Tri-Ergon Corp.,* 294 U. S. 477, 490–492,

are questions which have been much argued here and below. In reaching its decision the Court of Appeals assumed, as we shall assume without deciding, that the disclaimers were inadequate because they failed to concede invalidity of the adjudicated claims. It concluded that if the same decision were reached, as to the validity of the claims previously adjudicated, as in the Third Circuit, the respondents' suit must fail both as to them and as to all the other claims, "even though some of them may be good. For it would then be established that the owner of the patent had failed to file disclaimers within a reasonable time after notice of the invalidity of some of the claims had been brought home to him." 77 F. (2d) 556, 561.

Revised Statutes, § 4917, provides that "Whenever, through inadvertence, accident, or mistake, . . . a patentee has claimed more than that of which he was the original or first inventor, . . . his patent shall be valid for all that part which is truly and justly his own, . . ." and authorizes him to file in the Patent Office a written disclaimer of "such parts of the thing patented as he shall not choose to claim." Revised Statutes § 4922 authorizes a patentee who has claimed more than that of which he was the inventor, to maintain a suit for the infringement of "any part" of the patent "which was *bona fide* his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of which the patentee was the first inventor or discoverer," but with the proviso that "no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer."

Petitioners contend that if any claim of a patent is adjudged invalid no further suit can be maintained upon it, or upon other claims of the patent without disclaimer

of the claims previously held invalid. This contention is predicated upon the rule that, save for the disclaimer statute, adjudication of invalidity of any claim of a patent renders the entire patent void, and upon the assumption that by force of the statute, if not without it, an adverse decision on any claim is final and conclusive as to its invalidity, in any court, except as modified upon an appellate review. If this view be accepted, it follows that the right to maintain suit for infringement of the separable claims of a patent which already have been held valid, or have not been adjudicated, may alone be saved by disclaimer of all claims held invalid, within a reasonable time after their adjudication; the patentee may not contest again the validity of the claims held invalid and only by abandoning them by timely disclaimer may he litigate other claims.

Neither reason nor authority supports the contention that an adjudication adverse to any or all the claims of a patent precludes another suit upon the same claims against a different defendant. While the earlier decision may by comity be given great weight in a later litigation and thus persuade the court to render a like decree, it is not *res adjudicata* and may not be pleaded as a defense. See *Mast, Foos & Co.* v. *Stover Mfg. Co.*, 177 U. S. 485; *Sanitary Refrigerator Co.* v. *Winters*, 280 U. S. 30, 35. The disclaimer statute was enacted to mitigate the harsh rule[1] that the entire patent was destroyed if any claim

---

[1] By § 3 of the Patent Act of 1793, 1 Stat. 318, and § 6 of the Patent Act of 1836, 5 Stat. 117, an accurate description in writing of the invention in the patent application was prerequisite to the award of a patent. Section 6 of the Act of 1793, and § 15 of the Act of 1836, authorized the defendant in a patent suit, by way of defense, to prove that the specification of the patent "contains more than is necessary to produce the desired effect, . . . or that the thing thus secured by the patent was not originally discovered by the patentee, , , , " By the Act of 1832, 4 Stat. 551, it was provided

were held invalid. See *Altoona Publix Theatres, Inc.* v. *American Tri-Ergon Corp., supra,* 490; *Ensten* v. *Simon, Ascher & Co.,* 282 U. S. 445, 452; *Hailes* v. *Albany Stove Co.,* 123 U. S. 582, 589; *Moody* v. *Fiske,* (C. C.) 2 Mason 112, 118, Fed. Cas. No. 9,745. The statute permits the patentee to abandon by disclaimer parts of the patent which he does not choose to claim, and if the disclaimer is timely and adequate it authorizes him to maintain suit for infringement of the separable parts which he does choose to claim. But neither in terms nor by implication does it deny to a patentee the right to bring a second suit for the infringement of a claim already held to be invalid. If such were its construction it would deny to a patentee the right to re-litigate claims held invalid when others are held valid or are not in issue, but would leave that right unaffected when the entire patent is held invalid, since in that case there would be nothing to disclaim. See *Winans* v. *New York & Erie R. Co.,* 21 How. 88, 103. Only a plain legislative command would justify a construction leading to such incongruous results.

While the contention now made is apparently for the first time seriously argued here, this Court has several times held valid the claims of a patent which had been held invalid by a circuit court of appeals in an earlier suit brought by the same plaintiff against another defendant. *Expanded Metal Co.* v. *Bradford,* 214 U. S. 366; *Diamond Rubber Co.* v. *Consolidated Rubber Tire Co.,* 220 U. S. 428; *Abercrombie & Fitch Co.* v. *Baldwin,*

that whenever any patent shall be invalid by reason of failure to comply with the requirements of § 3 of the Act of 1793, it should be lawful to grant a new patent to the patentee for his invention, upon surrender of the old patent and compliance with § 3 of the Act of 1793. Section 13 of the Act of 1836 similarly authorized the new patent to issue "in accordance with the patentee's corrected description and specification." Section 7 of the Act of 1837, 5 Stat. 191, carried into R. S. 4917, first permitted the patentee to preserve the valid part of his original patent by disclaimer.

245 U. S. 198.[2]  Before the establishment of the circuit court of appeals, an adverse decision as to the validity of a patent in one circuit appears not to have foreclosed litigation of the same issue in another, see *Barbed Wire Patent,* 143 U. S. 275; compare *United States* v. *American Bell Telephone Co.,* 128 U. S. 315, 372.  That, it does not now is implicitly recognized by the practice established under § 240 (a) of the Judicial Code, and Rule 38 (5) of this Court, that certiorari will not usually be granted in patent cases unless there is a conflict in the decisions of circuit courts of appeals.  We conclude that neither the rules of the common law applicable to successive litigations concerning the same subject matter, nor the disclaimer statute, precludes re-litigation of the validity of a patent claim previously held invalid in a suit against a different defendant.

It follows that want of disclaimer of claims previously held invalid can never be set up as a bar *in limine* to the maintenance of a second suit upon those claims, and any others of the patent, since the patentee is entitled to invoke in that suit the independent judgment of the court upon the validity of the claims which have been held invalid.  In advance of its decision as to validity, that court cannot consistently hold that there is necessity for disclaiming claims which, although previously adjudged invalid, it may hold to be valid.  The statute does not command that a court authorized to pass upon the validity of a claim shall accept as conclusive a pre-

---

[2] In other cases this Court has held invalid, upon examination of the merits, a patent which had been upheld by one court of appeals after being held invalid by another. *Railroad Supply Co.* v. *Elyria Iron Co.,* 244 U. S. 285; *Meccano, Ltd.* v. *John Wannamaker,* 253 U. S. 136; *New York Scaffolding Co.* v. *Chain Belt Co.,* 254 U. S. 32; *Corona Cord Tire Co.* v. *Dovan Chemical Corp.,* 276 U. S. 358; *Saranac Automatic Machine Corp.* v. *Wirebounds Patents Co.,* 282 U. S. 704.

vious adjudication of invalidity of the same claim for the purpose of ascertaining whether the disclaimer statute applies. On the contrary, § 4922 in terms permits the patentee to "maintain a suit . . . for the infringement of any part" of the patent "which was *bona fide* his own."

The court whose jurisdiction is invoked by such a suit must determine for itself validity and ownership of the claims asserted, notwithstanding a prior adjudication of invalidity of some of them, unless those issues have become *res adjudicata*, by reason of the fact that both suits are between the same parties or their privies. If it determines that the claims previously adjudicated are valid, there is no occasion for disclaimer. In such a case the intimation of the court below that the second suit must be brought within a reasonable time is without support, for if in that court the claims are upheld, there is nothing to disclaim and the statute does not apply. Only if it holds that the claims are invalid may it be called upon to apply the disclaimer statute and to decide whether the patentee, under all the circumstances presented, has unreasonably neglected or delayed to enter a disclaimer of the claim of whose invalidity he had notice in the prior suit.[3]

The disclaimer statute is remedial, and intended for the protection of both the patentee and the public. See *O'Reilly* v. *Morse,* 15 How. 62, 121. Both are protected by the construction which we adopt and which we think is the only admissible one. The patentee is free to preserve some of the claims of his patent by disclaiming

---

[3] We do not now determine the effect of the disclaimer statute when the second suit, either from choice or necessity, is confined to claims held valid or not adjudicated in the earlier action. Whether the claims previously held invalid should be deemed abandoned and properly subject to disclaimer would depend upon special circumstances and involve questions not presented in the present suit.

others which have been held invalid, but the statute does not force him to pay that price in order to save them. He may relinquish the privilege of disclaimer and proceed to re-litigate, in another court, the claims which have been declared to be invalid, but at the risk of loss in that court of the other claims of the patent even though valid, if it likewise holds invalid the previously adjudicated claims.

A different question is presented where the claims adjudged invalid are abandoned, whether by a tardy disclaimer or otherwise, and a second suit is brought to restrain infringement of other claims, see *Ensten* v. *Simon, Ascher & Co., supra,* or where in the same suit in which some claims are held invalid the plaintiff seeks to secure without disclaimer the benefits of a favorable decision on other claims. See *R. Hoe & Co.* v. *Goss Printing Press Co.,* 31 F. (2d) 565; *Higgin Mfg. Co.* v. *Watson,* 263 Fed. 378; *Liquid Carbonic Co.* v. *Gilchrist Co.,* 253 Fed. 54; *Herman* v. *Youngstown Car Mfg. Co.,* 191 Fed. 579.

We do not decide whether the purported disclaimers operate to enlarge the claims in such fashion as to render both the old and the new claims invalid by virtue of the reissue statute. See *Altoona Publix Theatres, Inc.* v. *American Tri-Ergon Corp., supra,* 490–492. That question is not presented by the petition for certiorari. The courts below do not appear to have passed upon it, and it may be unnecessary to decide it on the new trial. The decree will be affirmed.

## No. 590.

In No. 590 the questions certified are as follows:

"1. Where certain but not all of the claims of a patent are in suit, and all of the claims in suit are held and decreed to be invalid pursuant to a finding and judgment to that effect of the Circuit Court of Appeals of the cir-

cuit, may the owner of the patent maintain a suit afterward brought thereon in the same judicial circuit as that in which the first cause was decided, and against a different defendant not involved in the first suit—the second suit being based on the claims held in the prior suit to be invalid and on other claims of the same patent not previously adjudicated—where the owner of the patent wholly failed and omitted to file any disclaimer of the claims held in the first suit to be invalid, and where, between entry of decree of invalidity of the claims in the first suit and the bringing of the second suit in the same circuit, reasonable time had elapsed for filing such disclaimer?

"2. If question 1 is answered in the affirmative, does the intervention of a period of approximately five years between the final judgment in the first suit and the institution in the same circuit of the second suit constitute delay so unreasonable as to bar the second suit for want of disclaimer of the claims which had been held to be invalid?

"3. If question 2 is answered affirmatively, may the institution or pendency of other suits in another judicial circuit or circuits after entry of final decree in the first suit, based on claims of the patent so held invalid and on other claims thereof not previously adjudicated to be invalid, excuse the failure to file disclaimer of the claims held invalid prior to instituting the later suit in the same circuit?"

From the facts stated in the certificate it appears that the district court below, upon hearing the cause, decreed the several claims, on which the plaintiff relied, to be invalid "for various reasons, among them for neglect to file within reasonable time disclaimers" of the claims previously held invalid by the Court of Appeals for the same circuit. It does not appear whether the district

court, independently of the defense of want of disclaimer, passed upon the validity of the claims previously adjudicated and decided that they were invalid upon the evidence presented, or whether it held that all inquiry as to their validity was foreclosed by the prior adjudication.

From what we have said in our opinion in No. 388, it is manifest that the effect rightly to be given to the failure to disclaim may turn upon the disposition which the trial court makes of the claims previously held invalid, and that there is no occasion for the application of the disclaimer statute until the trial court has itself passed on the validity of the previously adjudicated claims. The fact that the suit was brought in the same circuit where the court of appeals had previously held some of the claims invalid is immaterial, for the court must decide whether the issues of law and fact in the two cases are the same, and if they are not it is not bound by the earlier decision.

This Court cannot be required, by certificate, to answer, and it should not answer, questions which cover unstated matter "lurking in the record," see *United States* v. *Mayer,* 235 U. S. 55, 66; *Chicago, B. & Q. Ry. Co.* v. *Williams,* 205 U. S. 444, 454; *Cross* v. *Evans,* 167 U. S. 60; *United States* v. *Hall,* 131 U. S. 50, 52; or questions which admit of one answer under one set of circumstances and a different answer under another, neither of which is stated to be the basis of the questions certified. See *White* v. *Johnson,* 282 U. S. 367, 371; *Hallowell* v. *United States,* 209 U. S. 101, 107; *Jewell* v. *Knight,* 123 U. S. 426, 435; *Enfield* v. *Jordan,* 119 U. S. 680.

Moreover, it does not appear that the claims not previously adjudicated constitute "a material and substantial part of the thing patented, and definitely distinguishable" from the claims held invalid, so as to admit of the

application of § 4922. We are not required to answer academic questions, or questions which may not arise in the pending controversy. See *White* v. *Johnson, supra,* 373; *United States* v. *Hall, supra; Webster* v. *Cooper,* 10 How. 54, 55. For these reasons the first question is not answered.

The second and third questions, by their terms, require an answer only if the first is answered. In addition, the answers to both turn upon the question whether the patentee has "unreasonably neglected or delayed to enter a disclaimer" within the meaning of § 4922, which can be answered only in the light of all relevant circumstances and the inferences to be drawn from them. Such questions are not properly the subject of a certificate, especially where, as here, it fails to disclose whether all the relevant facts and circumstances have been certified. *Jewell* v. *Knight, supra; Baltimore & Ohio R. Co.* v. *Interstate Commerce Comm'n,* 215 U. S. 216, 221; *Chicago, B. & Q. Ry. Co.* v. *Williams, supra,* 452; *United States* v. *City Bank of Columbus,* 19 How. 385; *United States* v. *Bailey,* 9 Pet. 267, 274.

Such aid as we are able to give in answering questions as to the scope and effect of the disclaimer statute which may be involved in the pending cause is afforded by our opinion in No. 388.

> *The decree in No. 388 is affirmed.*
> *The certificate in No. 590 is dismissed.*