## MESSLER v. UNITED STATES RUBBER CO.

### No. 179.

District Court, D. Connecticut.

Aug. 5, 1943.

Nathaniel Frucht, of Providence, R. I., and Rockwell & Bartholow, of New Haven, Conn., for plaintiff.

Newton A. Burgess and Gifford, Scull & Burgess, all of New York City, for defendant.

SMITH, District Judge.

The defendant has filed a motion for summary judgment on the ground that the patent in suit is void because the plaintiff has unduly delayed in filing a disclaimer of Claim 2 of the patent in suit or in relitigating Claim 2, held invalid in Civil Action No. 1156, United States District Court, District of Massachusetts. The present action was filed October 19, 1939. A bill of particulars was served January 6, 1940, designating Claims 3 to 6 as the claims in suit. Answer was filed January 27, 1940, setting forth that the patent (Reissue Letters Patent No. 18237) was invalid and void.

Subsequent to the filing of the present action, action was brought on the same patent in the District of Massachusetts, Messler v. Knapp Brothers, Inc., et al., D.C. 52 F.Supp. 812, and the opinion therein, filed June 3, 1942, held Claims 2, 3, and 4 invalid for lack of invention. An appeal was filed but was withdrawn, and the appeal was entered dismissed on November 25, 1942.

The defendant's motion for judgment is based on the claim that the plaintiff, by failing seasonably to disclaim or place in the process of relitigation Claim 2 of the patent held invalid in the Massachusetts action, has permitted the entire patent to become invalid and void.

Plaintiff contends that Claim 2 has not been abandoned and moves to amend to place Claim 2 in issue in this action on the theory that, while tardy disclaimer of an invalid claim results in the invalidity of otherwise valid claims in the patent, yet where invalidity is not admitted, even though adjudicated in an action between other parties in another Circuit, the validity of Claim 2 may still be litigated in this action, and, if held valid here, need not affect the validity of other claims of the patent, whatever result may follow from failure to disclaim, if Claim 2 should be held invalid in this action.

This exact situation does not appear to have arisen in any case decided since the opinion of the Supreme Court in Triplett v. Lowell on which the plaintiff relies. Under Triplett v. Lowell, 1936, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949, decided subsequent to Better Packages v. L. Link & Co., 1935, 2 Cir., 74 F.2d 679, plaintiff could have brought suit to relitigate Claim 2, together with claims held valid in the former (Massachusetts) action.

Triplett v. Lowell leaves open the question of the effect of the disclaimer statute when the second suit is confined to claims held valid or not adjudicated in the earlier action.

The question of abandonment of the claims previously held invalid is left to be determined upon the special circumstances of the action. (See note 297 U.S. at page 645, 56 S.Ct. at page 649, 80 L.Ed. 949).

From the facts herein, it does not appear that there was any intent to abandon Claim 2 by reason of invalidity when the bill of particulars was filed in January, 1940, long before the holding of invalidity

in the Massachusetts action. The delay until filing of the defendant's motion for summary judgment before moving to amend so that Claim 2 could be relitigated in this action, standing alone, is not conclusive of an abandonment of the claim by the plaintiff.

It is ordered that the motion for summary judgment on behalf of the defendant be and it is hereby denied.

Plaintiff's motion to amend the complaint and bill of particulars is granted.