GORDON JOHNSON CO. v. HUNT et al.

Civ. No. 28208.

United States District Court
N. D. Ohio, E. D.

Feb. 14, 1952.

See also, 101 F.Supp. 539.

Howard Burns, Cleveland, Ohio, Dawson & Ooms and Casper Ooms, all of Chicago, Ill., and C. Earl Hovey, Kansas City, Mo., for plaintiff.

F. O. Richey, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

The Gordon Johnson Company, plaintiff, manufactures and sells so-called "feather picking apparatus" for fowls. In litigation between its customers and the predecessors in title of defendants, its machines have been held to infringe defendants' patent by courts of the Seventh and Eighth Circuits. It now brings an action in this court for a declaratory judgment of patent invalidity and noninfringement.

Defendants, the owners and exclusive licensee of the patent in suit, move for dismissal of the action, or in the alternative, for summary judgment. The grounds for the motion are (1) laches in bringing the suit, (2) bar of the statute of limitations in patent cases, and (3) the absence of a justiciable controversy.

■ A declaratory judgment action is in the nature of an equitable proceeding and it may be that the equitable doctrine of laches should be applied to such suits. The Circuit Court of Appeals for the Sixth Circuit seems to take this position in E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105. For a contrary view, see Brennan v. Hawley Products Co., 7 Cir., 182 F.2d 945. However this may be, no conduct on the part of the present plaintiff which would constitute laches has been shown.

■ The doctrine of laches as I understand it is a rule of estoppel. More than mere delay is required. The delay on the part of the person against whom the defense is invoked must be such as to prejudice or injure the complaining party. Rome Grader & Machinery Corp. v. J. D. Adams Mfg. Co., 7 Cir., 135 F.2d 617; Westco-Chippewa Pump Co. v. Delaware Electric & Supply Co., 3 Cir., 64 F.2d 185.

■ In the present case defendants have in no way been prejudiced by the conduct of the plaintiff. Plaintiff was charged with infringement in June of 1943. It commenced this suit on May 11, 1951. Eight years elapsed during which time defendants and their predecessors might have enforced their asserted rights against the plaintiff. They chose instead to sue plaintiff's customers. They may not complain now that plaintiff has taken the initiative.

■ The second ground upon which defendants rely in asking for dismissal of the action may be disposed of briefly. It is sufficient to observe that the limitations provision which they cite, part of Section 70 of Title 35, U.S.C.A., is designed to limit recovery in infringement actions and it can have no application to suits for declaratory relief.

Defendants' final contention that no justiciable "controversy" under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, is presented raises a more serious question.

■■ Allegations in the complaint that defendants' predecessor charged plaintiff with infringement in June of 1943 and threatened it with suit for infringement; that defendants and their predecessors have repeatedly threatened plaintiff's customers with infringement suits; and that plaintiff denies infringement, state a justiciable "controversy" under the Declaratory Judgment Act. "Dispute sufficiently real and concrete to warrant patent infringement suits between adversaries or those in privity with them are sufficiently concrete and real to sustain a suit under the Declaratory Judgment Act". E. W. Bliss Co. v. Cold Metal Process Co., supra, 102 F.2d at page 109.

It is not seriously disputed that the complaint states on its face a "controversy" under the Act. The real question is whether the material issues of the "controversy" are open for determination by this court. This involves a determination of the effect to be given to the prior decisions involving the patent in suit.

■ The Courts of Appeal for the Seventh and Eighth Circuits have held defendants' patent valid and infringed by plaintiff's machines in suits against plaintiff's customers. Plaintiff, however, was not a party to this litigation nor in privity with a party. It is clear therefore that these decisions do not render the issues in the instant case res judicata. Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949; Standard Brands v. National Grain Yeast

Corp., 3 Cir., 101 F.2d 814; Hazeltine Research v. General Electric Co., 7 Cir., 183 F.2d 3. Nor is there evidence that plaintiff openly participated in and controlled this litigation so that it would be precluded from again raising the same issues under Soufront, Widow of Fleurian v. La Compagnie Des Sucreries De Porto Rico, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846 and Foote v. Parsons Non-Skid Co., 6 Cir., 196 F. 951.

■ The patent in suit also was held valid and infringed by the Court of Appeals for this Circuit in Campbell v. Mueller, 159 F.2d 803. This infringement suit was brought against a stranger to plaintiff. Nevertheless, the decision by the Court of Appeals becomes stare decisis and is binding upon this court as to all issues of law and fact decided therein. Triplett v. Lowell, supra.

No matter how clear the rule of decision, however, this court is required to make a determination of the extent to which the issues in the case before it are identical with those in the controlling case. This requires a trial of the present action. The complaint shows that at least some new issues will be raised for the court's consideration and decision.

■ Jurisdiction of the District Courts under the Declaratory Judgment Act is, of course, discretionary. Apparently with this in view, defendants urge the court to decline to exercise its jurisdiction here out of comity to the other courts which have upheld the validity of the patent in suit.

■ In my view, however, the principle of comity does not have so broad an application. The principle imposes an obligation upon a court in reaching its own decision to give great weight to decisions of other courts on the same questions, but it does not require a court to relinquish its independent judgment. See Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856.

The motion to dismiss, or in the alternative for summary judgment, will be denied.

Plaintiff has filed objections to defendants' interrogatories 2, 6, 12, 16, 22, 26, 30, 34 and 35. These interrogatories relate to the number of machines and parts of machines sold by plaintiff or its agents.

The information sought has only a remote bearing upon the issue of patent validity. It primarily concerns the damages, if any, which have been incurred by defendants because of plaintiff's infringement, although defendants have not as yet counterclaimed against plaintiff for infringement.

■ Discovery as to damages in patent cases ordinarily will not be allowed until infringement has been established.

■ The time and expense likely to be involved in preparing the information, and the danger of premature disclosure of confidential information, are sufficient reasons for denying discovery at this time.

Objections sustained.