## INDUSTRIAL MODELS CORP. v. KURTZ et al.

### No. 11434.

United States Court of Appeals
Sixth Circuit.

April 11, 1952.

Thomas S. Donnelly, Detroit, Mich., Thomas S. Donnelly, Detroit, Mich., on brief, for appellant.

Arthur W. Dickey, Detroit, Mich., Arthur W. Dickey, Mich., on brief, for appellees.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The appeal in this suit for infringement of certain Letters Patent is from an order granting the motion of defendant in the district court for summary judgment dismissing the complaint. Claims five to eleven of the patent involved, Stewart No. 2,189,154, were held invalid by District Judge Lederle in September 1946, for want of invention.

The question involved here is whether an obligation rested upon the appellant, owner of the patent, either to take an appeal from the judgment entered in 1946, or to file disclaimer in the United States Patent Office without unreasonable neglect or delay as to the claims held to be invalid in order to preserve the right under Revised Statutes, section 4922, Title 35, section 71, U.S.C.A., to maintain the present suit for infringement of all the claims of the patent. The instant suit was not instituted until approximately three years and three months after the expiration of time for taking an appeal from the 1946 judgment in the former suit, in which different parties were involved.

We think that District Judge Koscinski properly dismissed the instant complaint for the reasons stated in his memorandum opinion, 104 F.Supp. 232, wherein Ensten v. Simon, Ascher & Co., 282 U.S. 445, 51 S. Ct. 207, 75 L.Ed. 453, was declared to be controlling authority for the necessity of a disclaimer of claims previously adjudicated to be invalid in order to permit the readjudication of the issue of infringement of the claims of the patent. In our judgment, nothing in the opinion of the Supreme Court in Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949, gainsays the applicable effect of the doctrine of Ensten v. Simon, Ascher & Co., supra, nor overrules the principle that unreasonable delay in filing a disclaimer of claims adjudicated invalid would begin upon failure of the patent owner to take an available appeal in support of his contention that the claims were valid. In Triplett v. Lowell, the Supreme Court said in 297 U.S. at page 646, 56 S.Ct. at page 649 of its opinion: "A different question is presented where the claims adjudged invalid are abandoned, whether by a tardy disclaimer or otherwise, and a second suit is brought to restrain infringement of other claims, see Ensten v. Simon, Ascher & Co., supra * * *."

The judgment of the district court entered March 29, 1951, is affirmed.