**BLUMCRAFT OF PITTSBURGH, a Partnership consisting of Hyman Blum, Max Blum, Louis Blum and Harry P. Blum**

v.

**KAWNEER CO., Inc., Bremen Steel Co., Inc., A. R. Winter Co., Inc. and the State of Georgia.**

Civ. A. No. 12847.

United States District Court, N. D. Georgia, Atlanta Division.

June 2, 1970.

Cotton, Katz & White, Atlanta, Ga., for plaintiff.

James C. McConnon, Paul & Paul, Philadelphia, Pa., for defendants.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Defendants have moved for summary judgment, as provided in Rule 56, Fed. R.Civ.P.

This is a patent infringement case. Defendants claim there is no genuine issue of fact for decision, as the patent on which plaintiff relies has been held invalid by the Court of Appeals for the Fourth Circuit. See Blumcraft of Pittsburgh v. Citizens & Southern National Bank of South Carolina et al., 407 F.2d 557 (4th Cir.1969), cert. den. 395 U.S. 961, 89 S.Ct. 2103, 23 L.Ed.2d 747 (1969), reh. den. 396 U.S. 870, 90 S.Ct. 39, 24 L.Ed.2d 125 (1969), a second petition for reh. den. 396 U.S. 949, 90 S.Ct. 369, 24 L.Ed.2d 254 (1969). Defendants urge that plaintiff is estopped as a matter of law from relitigating the validity of United States Patent No. D–171,963 by reason of the doctrine of res judicata by collateral estoppel.

The issue is the res judicata effect of the Fourth Circuit's ruling on this case. If this question were a matter of original impression, this court would favor the position taken by defendants in their well-written briefs. Certainly with the heavy caseload in this district, it would be preferable not to have to relitigate the validity of the patent, which has been declared invalid by a circuit court, simply because a plaintiff-patentee later sues defendants not parties to the earlier action. As indicated by defendants, an impressive body of respected legal scholars have urged the solution to this problem is to apply the doctrine of res judicata, eliminating from this doctrine the requirement of mutuality.

However, the issue raised by defendants' motion for summary judgment is not a new one. Past authority compels that defendants' motion be denied.

The Supreme Court in Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L. Ed. 949 (1936) barred the application of estoppel from a judgment against a patent except between the same parties or their privies. The Court stated at p. 642, 56 S.Ct. at p. 647:

Neither reason nor authority supports the contention that an adjudication adverse to any or all the claims of a patent precludes another suit upon the same claims against a different defendant. While the earlier decision may by comity be given great weight in a later litigation and thus persuade the court to render a like decree, it is not res adjudicata and may not be pleaded as a defense.

In that case the effect of a ruling by the Third Circuit upon a district court in the Fourth Circuit was involved.

The Fifth Circuit Court of Appeals, in Spray-Bilt, Inc. v. Ingersoll-Rand World Trade, Limited, 350 F.2d 99 (5th Cir. 1965), held that a Ninth Circuit finding that certain patents were invalid, while highly persuasive, did not deprive plaintiff-patentee of the right to an independent judgment against a different defendant in this circuit. The court is aware of no decision by the Fifth Circuit reversing this position.

Finally, Congress has shown some reluctance to adopt the position urged by defendants. The original version of the

"Patent Reform Act of 1967"[1] introduced in the Senate contained a section providing for collateral estoppel in patent cases.[2] However, this clause has been deleted in the Bill's[3] present version.

While this court finds much merit in defendants' argument and believes sound policy considerations favor the adoption of that position by the Supreme Court or Congress, under present authority the motion for summary judgment of the defendants must be denied.

---

1. S. 1042, 90th Cong., 1st Sess. (1967).

2. See S. 1042, 90th Cong., 1st Sess. § 294 (1967).

3. See S. 1246, 91st Cong., 1st Sess. (1969).