The **UNIVERSITY OF ILLINOIS FOUNDATION, Plaintiff and Counterclaim Defendant,**

v.

**BLONDER–TONGUE LABORATORIES, INC., Defendant and Counterclaimant,**

v.

**JFD ELECTRONICS CORPORATION, Counterclaim Defendant.**

**No. 66 C 567.**

United States District Court, N. D. Illinois, E. D.

Sept. 27, 1971.

---

Charles J. Merriam, William A. Marshall, Basil P. Mann, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for plaintiff and counterclaim defendant.

John Rex Allen, Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., for defendant and counterclaimant.

Myron C. Cass, Silverman & Cass, Chicago, Ill., for counterclaim defendant; Ostrolenk, Faber, Gerb & Soffen, New York City, of counsel.

## MEMORANDUM OF DECISION

JULIUS J. HOFFMAN, District Judge.

The action is presently before the Court pursuant to the mandate of the United States Supreme Court, vacating the judgment of the Court of Appeals which had affirmed the judgment here. It is the opinion of this Court that this mandate requires the entry of final

Judgment for defendant on the plaintiff's claim.

Upon the original trial of this case, this Court concluded that Patent 3,210,-767, issued to Isbell and held upon assignment by the plaintiff, The University of Illinois Foundation, was valid and infringed by the defendant, Blonder-Tongue Laboratories, Inc. In sustaining the patent's validity, this Court disagreed with the conclusion reached by the United States District Court for the Southern District of Iowa, in a suit filed later but tried earlier than this action, involving the same plaintiff but a different defendant. University of Illinois Foundation v. Winegard, 271 F.Supp. 412 (S.D. Iowa 1967).

Under then settled law, this Court was bound to make its own independent determination of the issues, on the evidence and argument presented, and the prior adjudication involving a different defendant had no preclusive effect. The controlling precedent, Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936), laid down the requirement of mutuality of estoppel: since the plaintiff could have gained no advantage over this defendant by a victory over the previous defendant, it was thought that fairness required that he should suffer no prejudice from a loss against the previous defendant. This requirement of mutuality was conceded by all parties here, and was uncontested in this Court.

The requirement of mutuality remained unquestioned and unassailed in defendant's appeal to the Court of Appeals for the Seventh Circuit, although in the interim the judgment of the Iowa District Court holding the patent invalid, had been affirmed upon appeal by the Eighth Circuit. University of Illinois Foundation v. Winegard, 402 F.2d 125 (8th Cir. 1968). Free to exercise its own judgment under the mutuality requirement, the Seventh Circuit affirmed this Court's holding that the patent was valid. University of Illinois Foundation v. Blonder-Tongue Laboratories, 422 F. 2d 769 (7th Cir. 1970).

With this conflict among the Circuits, the Supreme Court granted certiorari to review the decision of the Seventh Circuit, but denied the plaintiff's petition for review of the Eighth Circuit's decision. 394 U.S. 917, 89 S.Ct. 1191, 22 L.Ed.2d 452 (1969). In addition to the issues raised by the granted petition, the Supreme Court requested the parties to address themselves to the question whether the doctrine of mutuality of estoppel, as announced in Triplett v. Lowell, *supra,* should be adhered to. The United States, as *amicus curiae,* joined the defendant in urging modification or qualification of the mutuality requirement, and the Court ultimately handed down its opinion rejecting the mutuality requirement of *Triplett* as a condition to any estoppel from prior patent litigation. 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The Court accordingly reversed and remanded the case to allow defendant to interpose a plea of estoppel based on the Eighth Circuit's decision in *Winegard.* Upon remand, defendant has accepted the invitation by moving to amend its answer to set up this newly authorized defense. Allowance of the amendment is dictated by the Supreme Court mandate, and plaintiff has not indicated any opposition. The motion is accordingly granted.

Conceding this ruling, plaintiff has filed its motion in the nature of a motion for judgment on the pleadings, seeking the re-affirmation of the original judgment on the ground that the plea of estoppel is insufficient in the circumstances of this case. Defendant has countered with its own motion for the entry of judgment in its favor, asserting that the *Winegard* litigation is a complete defense to this suit. Both parties have disavowed interest in offering evidence on the issue, and no factual issues are presented by the opposing motions. Thus the matter may be appropriately treated as a motion for summary judgment on the defense.

▮ The Supreme Court's ruling breaks new ground. The defense of estoppel, made available by abolition of the mutuality requirement, means that a prior holding that plaintiff's patent is invalid rises above the level of a mere precedent, entitled only to deference within the conventions of *stare decisis*. On the other hand, the new defense falls short of the vigorous doctrine of *res judicata* which would raise an absolute bar if the plaintiff were suing the same defendant a second time on the same cause of action. When a new defendant is sued, the plaintiff will be entitled to relitigate the validity of his patent if he can demonstrate that the prior action did not afford him "a full and fair chance" to litigate the issue. 402 U.S. 333, 91 S.Ct. 1434. Among the components of this standard are the convenience of the previous forum, plaintiff's incentive to litigate in the prior action, the identity of the issues raised and decided, and the plaintiff's opportunity to present all crucial evidence and witnesses. 402 U.S. 333, 91 S.Ct. 1434. Plaintiff in this Court has made no showing of any shortcomings in the *Winegard* proceedings in any of these respects. Procedurally, at least, plaintiff had a fair opportunity to pursue his claim the first time.

▮ In patent litigation, however, the defense of estoppel is not established by procedural fairness alone. There is a substantive element as well. Under the Supreme Court's formulation, when validity depends upon non-obviousness of the development, as in the case at bar, the second court is called upon to inquire whether the first court "purported to employ the standards announced in Graham v. John Deere Co., *supra* [383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and] whether the opinions filed by the District Court and the reviewing court, if any, indicate that the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and issues in suit. \* \* \* " 402 U.S. 333, 91 S.Ct. 1445.

▮ Plaintiff asserts that the courts of the Eighth Circuit "wholly failed to grasp the technical subject matter" since they disagreed with the courts of this Circuit. It would demand arrogance so to conclude. In opening the defense of estoppel from third-party litigation, the Supreme Court sought to eliminate the expense, waste, and confusion caused by repetitive litigation of the validity of the same patent. This goal cannot be achieved if mere disagreement in the second court supervenes the defense. It follows that the second court must defer unless it appears from the face of the prior opinions that the first court completely missed the point. No such conclusion is warranted here. While the technical subject matter involved in the litigation is complex, the Eighth Circuit opinion reveals a conscientious effort to apply the standards laid down in Graham v. John Deere Co., *supra*, and a careful evaluation of the issues. That court concluded that the patent was obvious and invalid as a mere combination of known elements. This Court had reached a different conclusion on the same issue, and this Court's opinion was before the Eighth Circuit. A mere difference in the conclusions reached in the application of a general standard such as obviousness under Section 103 of Title 35, United States Code, does not demonstrate that either court "wholly failed to grasp the technical subject matter." As anticipated by the Supreme Court, instances warranting such a conclusion will be rare. 402 U.S. 333, 91 S.Ct. 1434.

▮ Under the factors mentioned by the Supreme Court, plaintiff has failed to make the requisite showing to escape the defense of estoppel and to entitle it to the benefit of relitigation. Beyond those factors, however, plaintiff urges that allowance of the defense would be unjust and inequitable because it has already incurred the costs and burdens of the second litigation, because this action was filed—but not decided—before the *Winegard* suit, because the Supreme Court denied certiorari to review the Eighth Circuit's decision, and because

defendant did not plead the defense of estoppel, or urge its availability, in the courts of this Circuit. All these circumstances were before the Supreme Court, and with this record before it that Court directed that defendant be given an opportunity in this Court to raise the defense. This Court cannot evade the mandate by holding that such factors defeat the plea.

■ Finally, plaintiff asserts that the *Winegard* decision is not dispositive because plaintiff did not allege in that case the infringement of claims numbered 6, 7, and 8 of the Isbell patent. The defendant in that case, however, put the whole patent in issue by praying for a decree adjudging the patent to be null and void, and the District Court and Court of Appeals for the Eighth Circuit so adjudged.

It follows that final judgment must be entered for defendant upon plaintiff's claim based upon the Isbell patent. The Court of Appeals reversed this Court's holding that the Mayes' patent was valid, and affirmed this Court's ruling for plaintiff and the additional counterclaim defendant on defendant's counterclaim. The Supreme Court left those decisions undisturbed. Defendant has sought leave to correct its counterclaim by a change of address, but does not seek reconsideration of its disposition. Accordingly, judgment is entered herewith in favor of defendant on the claims presented in the complaint, and in favor of plaintiff and the additional counterclaim defendant on the claims presented in the counterclaim.

## JUDGMENT ORDER ON REMAND

This cause having come on to be heard on plaintiff's Amended Complaint, on defendant's Second Amended Answer and Counterclaim, and on plaintiff's and counterclaim defendant's Reply to Amended Counterclaim, and the Court having heard the testimony of the witnesses for the respective parties in open court and having examined the depositions made of record, the exhibits received in evidence, and the briefs of the respective parties, and the Court having considered the opinions and orders of the United States Court of Appeals for the Seventh Circuit and of the United States Supreme Court rendered upon appeal and review of this Court's judgment heretofore entered on June 27, 1968, and the Court having this day filed its Memorandum of Decision,

It is hereby ordered, adjudged and decreed as follows:

1. The Judgment Order heretofore entered on June 27, 1968, is vacated.

2. The Court has jurisdiction of the parties and of the subject matter of this action.

3. The plaintiff, The University of Illinois Foundation, is estopped in this action to assert the validity of United States Letters Patent No. 3,210,767.

4. United States Letters Patent, Reissue, No. 25,740 is invalid and void in law.

5. Judgment on the Amended Complaint is entered for defendant, with prejudice.

6. The defendant is the owner of United States Letters Patent No. 3,259,-904 and all rights thereunder.

7. Claim 5 of United States Letters Patent No. 3,259,904 is invalid and void in law.

8. The plaintiff and the counterclaim defendant, JFD Electronics Corporation, did not commit acts of unfair competition or acts in violation of the antitrust laws as charged in the Counterclaim.

9. Judgment on the counterclaim filed by the defendant is entered for the plaintiff and the counterclaim defendant with prejudice.

10. The plaintiff shall not recover its expenses, costs or attorneys fees.

11. The defendant shall not recover its expenses, costs or attorneys fees.

12. The counterclaim defendant shall not recover its expenses, costs or attorneys fees.